Meredith v. Scallion.

## MEREDITH V. SCALLION.

1. **EXECUTION:** *On judgment against administrator.*

After the removal of an administrator, execution on a judgment recovered against him in his fiduciary capacity, and to be levied of the goods and chattels or lands of his intestate, as provided in ch. 60, sec. 8 of the Revised Statutes, could not be legally issued until the judgment had been revived against a new administrator or against the party in interest in the property of the intestate: and where an execution issued without such revivor, a sale under it passed no title.

2. **SAME:** *Same: Repeal of statute.*

The statute which recognized the right to issue an execution against an administrator in his fiduciary capacity [Rev. Stat. chap. 60, sec. 8], was repealed by the provisions of the constitution of 1874, conferring exclusive jurisdiction over the assets of deceased persons on the probate courts. Since the adoption of that instrument, although courts of law still have jurisdiction to maintain an action against an administrator, the power to execute a judgment recovered therein belongs alone to the probate court, to be exercised in the course of administration. An execution issued on such judgment is, therefore, without authority of law and a sale made under it is void.

APPEAL from *Perry* Circuit Court.

J. B. WOOD, Judge.

*Cos. Altenberg*, for appellant.

1. A demurrer to an answer relates back to the complaint, and if the complaint is insufficient the demurrer to the answer should have been overruled. 31 Ark., 301.

2. The judgment under which appellee claims being rendered by the circuit court against an administrator, the execution and sale under it are void, and nothing passed by it. Under our laws no execution can issue on a judgment of the circuit court against an administrator in his fiduciary character. 22 Ark., 572; 27 Id., 252; 40 Ark., 541. The facts in 10 Ark., 541, were different and the law has been changed since then by our constitution. The question of innocent purchaser does not arise. 33 Ark., 621.

3. There was no administrator of Gibbons' estate when execution issued; no one to represent the estate. There was no lien and no power to award execution against an estate. Cases supra. The jurisdiction of the probate court is exclusive. 36 Ark., 529; 40 Id., 541.

A court of law has no jurisdiction to enforce a judgment against an estate after it has been closed by the probate court. Equity alone has jurisdiction. 14 Ark., 253; 31 Id., 229; 32 Id., 716; 40 Ark., 434.

*J. F. Sellers*, for appellee.

1. A sale of property under circumstances similar to these, except that the administration had not closed, was held to be only an irregularity in 10 Ark., 541, 552. See also 22 Ark., 572, 588-9. Reviews 27 Ark., 252, and 40 Ark., 541, and distinguishes them.

2. If the sale was irregular appellee should be protected as an innocent purchaser. 14 Ark., 69; 1 Story Eq. (5th ed.) 381; Ib., 409, 434; 5 Sneed (Tenn.), 704; 10 Ark., 545.

3. No motion was made to correct the alleged errors in the circuit court. Mansf. Dig., sec. 1310; 32 Ark, 151; 22 Am. Law Rev., 424,

4. In favor of the regularity of the proceedings, this court will presume that the demurrer was abandoned. 17 Ark., 530.

*C. Altenberg* in reply.

1. The act of March 3d, 1838, secs. 1 to 8, was excluded from Gantt's Digest, see ch. 56, p. 504; also in Mansfield's Dig., see ch. 60, because repealed by act July 22d, 1868; see Code, title 14, p. 200 and secs. 672-3 to 690, and Const. 1874.

2. Neither the common law nor statutes permit an execution against an administrator in his official capacity. 4 T. R., 621; 32 Mo., 431; 5 Eng. 541; 18 Ark.,.414; 22 Ark 573; 4 How. (U. S.), 76; 40 Ark., 544.

3. A purchaser at his own execution sale is not an innocent purchaser. 33 Ark., 621.

*J. F. Sellers*, supplemental brief.

1. The statute (Eng. Dig. ch. 67, sec. 8) has not been repealed. None of the cases (22 Ark., 572; 27 Id., 252; 40 Id., 541) make any reference to any change in the statute. It has not been expressly repealed and repeals by implication are not favored. Sedg. St. and Const. Law, p. 97 *et seq;* Dwarris on Stat., p. 113, n. 9; 10 Ark., 589; 23 Ark., 304. The statute does not conflict with the civil code nor the constitution of 1874.

2. At common law an execution could be issued on a judgment against an administrator. 2 Tidd. Pr., p. 1025; Williams on Ex'rs', vol. 3, p. 2097; 2 Gif. Chy., 226-9; 1 Dall., 481-4; 1 Yeates, 238; 4 Allen, 421; 4 Cowen (N. Y.), 445; 38 N. H., 100; 1 Brevard, 234; 1 B. Mon., 54; 5 Id., 297; 14 Me., 320: 6 Sm. & M. (Miss.), 440, etc., etc.

As to the distinction between void and voidable sales, see 14 W. P. S. Bush, 498; 9 Ark., 139; 2 Ark., 218; 22 Id., 19; 21 Id., 22; 24 Id., 399.

COCKRILL, C. J.

The appellee, who was plaintiff in this action of ejectment, recovered judgment relying solely upon a sheriff's execution deed. The appellant, who was the defendant in possession, defended upon the theory that the deed was void and conferred no title upon the plaintiff, and relied also upon title by

adverse possession for the statutory period, but the latter feature of the defence passes out of the case for want of a bill of exceptions. The court sustained a demurrer to the paragraph of the answer setting forth the facts which it was claimed avoided the sheriff's deed. The complaint contained a detailed history of the execution title, and if it stated no cause of action, the demurrer to the answer should have been allowed to reach that defect, and thus ended the controversy *in limine*, unless the plaintiff could otherwise show a good title. In sustaining the demurrer to the answer, the court, in effect, ruled that the title to the land vested in the plaintiff by virtue of the sheriff's deed, and that the complaint therefore, stated a cause of action.

The facts as alleged in reference to the plaintiff's title are as follows: John Gibbons, who was owner in fee of the land in controversy, died leaving an unpaid debt due to one Mc-Laren and another. These creditors sued the administrator of Gibbons' estate and recovered judgment against him for the amount due them by his intestate. The judgment was recovered in the circuit court in 1883. It was never presented to the probate court for classification, and the administrator was discharged by that court after making his final settlement, without having paid anything upon the judgment. After the discharge of the administrator, execution issued upon the judgment against him in his fiduciary capacity, and was levied upon the land in suit, which according to the allegations of the complaint, was still the property of the estate. It was duly sold by the sheriff and was purchased by the plaintiffs in execution. The certificate of purchase was assigned to the plaintiff in this suit, and after the period allowed for redemption had expired, a deed was executed to him by the sheriff. It does not clearly appear how or from

Meredith v. Scallion.

whom the defendant derived his claim of title, but he was in peaceable possession of the lands holding under color of title when the suit was brought.   He contends that the sale was absolutely void and that the deed conferred no title upon the plaintiff.   The contention of the latter is that the execution was, at most, irregular only; and he relies upon the case of *Adamson v. Cummins*, as administrator, 10 Ark., 541, to sustain his position.   In that case it was determined that the sale of personal property under an execution issued upon a judgment recovered in the circuit court, against an adminis- trator for a debt due by his intestate, was irregular but not void, and that a sale under it conferred title upon an inno- cent purchaser, notwithstanding the estate was in course of administration at the time of the levy and sale.   And the case of *Hornor v. Hanks*, 22 Ark., 583, where lands of an estate were sold under execution against the administra- tor, seems to recognize the same principle.

If the doctrine of these cases still prevails, an execution *de bonis testatoris* is at most irregular and is not void.   If we treat the defendant as a stranger to the execution, and not as claiming title through a party who is bound by the judg- ment, he will not be heard to raise objections that go to irreg- ularities in process against others which do not render it void.   Freeman on Ex., p. 75; *Sannoner v. Jacobson*, 47 Ark., 31.   But in the cases relied upon the execution issued against subsisting administrators, who were capable of pro- tecting the estate, while in this case there was no administra- tor or other party defendant in existence against whom the writ could run.   The administrator, who was the sole defen- dant in the judgment, had been removed before the execu- tion issued.   If execution could legally have issued upon the judgment at all, it would have been only after a new admin-

1. Execu- tion: *e.g.* On judg- ment against adminis- tra- tor.

Meredith v. Scallion.

istrator, or the party in interest in the property to be subjected to sale, had had his day in court on *scire facias* to revive the judgment, Mansf. Dig., secs. 3932, 3934; *State Bank v. Etter*, 15 Ark., 270–1. The discharge of the administrator by the probate court left the estate without a representative; and as far as the execution of its judgment, by ordinary process, was concerned, the circuit court stood in no better attitude than if the judgment defendant had been removed by death before levy. But in such a case there is no power to issue execution until the judgment has been revived; and a sale had under a writ issued without revivor carries no title and the purchaser takes nothing by the sheriff's deed. *Cunningham v. Burke*, 45 Ark., 267; Mansf. Dig. sec. 2983.

2. SAME: Repeal of statute.

But there is another and farther-reaching cause for refusing to maintain the plaintiff's title. When the case of *Adamson v. Cummings*, *supra*, was determined, the statute recognized the right to issue an execution against an "heir, devisee, executor or administrator," to be levied of the goods and chattels or lands which were of the ancestor, testator or intestate at the time of his death (Rev. St., ch. 60, sec. 8), and the judgment in that case rests upon the statute, although the common law authority to issue an execution *de bonis testatoris*, is recognized. But this provision of the statute was omitted from the revisions of 1874 and 1884. Whatever may have induced the learned digesters to make the omission, it is certain that the provision is inconsistent with the exclusive administration of the estate of deceased persons which has been conferred upon the probate courts.

Until the adoption of the constitution of 1874, jurisdiction over the estates of deceased persons was subject to legislative regulation, but that instrument unalterably fixed the ex-

Meredith v. Scallion.

clusive jurisdiction in such matters in separate probate courts. See *Hilliard v. Hilliard*, 50 Ark., 34, and cases cited. The jurisdiction which courts of equity formerly exercised concurrently with ecclesiastical courts, is taken from these tribunals by virtue of that exclusive grant to the probate courts. *Brice v. Taylor, ante; Turner v. Rogers*, 49 Ark., 51. The jurisdiction of courts of law to maintain an action against an executor or administrator is is not disturbed (*Turner v. Rogers, supra*), but the judgment recovered only establishes the existence of a valid claim against the estate, which must be executed by the probate court in the course of administration. Judgments against counties and municipal corporations are of the same nature or effect. Satisfaction must be sought in the manner provided by law. The grant of exclusive jurisdiction to the probate courts places the assets of a decedent beyond the reach of process from another tribunal. Another court cannot intervene even if the probate court has not assumed active jurisdiction of the estate of the deceased person by the appointment of an administrator (*Flash, Lewis & Co. v. Gresham*, 36 Ark., 529), and if the administraror is discharged before the trust is executed, it is within the power of the creditor to reinvoke the aid of that tribunal. And if he has obtained judgment at law against his debtor in his lifetime, there can be no revivor, as formerly, against the heirs; for as was said by C. J. English, in delivering the judgment of the court in *Powell v. Macon*, 40 Ark., 541, no execution can issue against them or the lands belonging to their ancestor, but the creditor must, under our administrative system, resort to the probate court for an order for the sale of the lands.

There was no authority to issue execution upon the judgment, the sheriff's deed is void, and the judgment will be re-

*Execution of judgment against administrator.*

versed and the cause remanded with instructions to sustain the demurrer to the complaint.

It is so ordered.