FURST v. SANDERS.

Opinion delivered June 3, 1918.

GUARANTY—DEATH OF JOINT GUARANTOR—REMEDY OF OBLIGEE.—One S. was a joint obligor with another upon the obligation of one C., they guaranteeing to appellants the payment of the same. S. died, but no administration was had upon his estate. Appellants then sued the heirs at law of S. and the other obligor jointly. *Held*, a demurrer to the complaint was properly sustained. Appellants' legal remedy was to cause administration to be com-

menced on the estate of the decedent and to probate their claim, and having exhibited their claim against the estate to the administrator, as required by law, appellant could maintain an action for recovery of the amount claimed, in any court having jurisdiction of the amount involved.

Appeal from Prairie Circuit Court, Southern District; *Thos. C. Trimble,* Judge; affirmed.

*Lankford & Holtzendorff,* for appellants.

1. The court had jurisdiction of the subject-matter. 17 Am. & E. Enc. L. 1060; 27 *Id.* 196.

2. This was a joint and several obligation. There was no administration on the estate; the heirs were of full age; the estate was solvent and the heirs inherited lands and personal property and the action survived against the heirs and they are liable. K. & C. Dig., § § 5147, 5149, 5150. It was error to sustain the demurrer as the court had jurisdiction and the complaint stated a good cause of action. It was not necessary to probate the claim and then sue all the obligors and the administrator.

*Trimble & Williams,* for appellees.

1. The demurrer was properly sustained. Kirby's Digest, § § 6094, 6096.

2. The right of action did not survive. The claim should have been probated and then suit brought. 22 Ark. 302; Kirby's Digest, § § 7-15; 94 Ark. 63; 18 *Id.* 334.

McCULLOCH, C. J. J. R. Sanders, together with another obligor, entered into a contract with appellants whereby they became joint and several guarantors of the payment of a certain obligation of one W. F. Cobb to appellants. Sanders died leaving as his heirs at law two adult children, the appellees, John W. Sanders and James Sanders. Appellants instituted this action against Cobb and the other guarantor, and also against John W. Sanders and James Sanders as heirs at law of J. R. Sanders, deceased, to recover the amount of the debt embraced within the terms of the written guaranty. The complaint alleges the death of J. R. Sanders, that John W. Sanders

and James Sanders are his heirs, and that "there is no administration on said estate of said J. R. Sanders, which is solvent, the said J. R. Sanders having died seized and possessed of both personal and real estate in the Southern District of Prairie County, Arkansas." John W. Sanders and James Sanders demurred to the complaint and the court sustained the demurrer and dismissed the complaint as to them.

Counsel for appellant rely on the statute which provides that "all joint debts or obligations shall survive against the heirs, executors and administrators of such joint debtor or obligor," and that actions "may be brought against the surviving obligor and the heir, executor or administrator of the deceased obligor at the same time." Kirby's Digest, § § 4418, 4421. These sections were parts of the Revised Statutes and have never been construed by this court, but they do not purport to create a cause of action against the heirs of a decedent, and only relate to the question of survivorship of a cause of action.

Another statute (Kirby's Digest, § 6010) provides that two or more persons jointly bound by contract may be sued in one action brought against all or any of them, and that "where any of the persons so bound are dead, the action may be brought against any or all of the survivors, with the representatives of all or any of the decedents, or against the latter or any of them."

The two statutes are apparently inconsistent in so far as they attempt to create right of survivorship, and the last statute on the subject must prevail. A somewhat similar statute was disposed of in the case of *Hall v. Brewer,* 40 Ark. 433, with the statement that it was "injected into our law without much reference to its consistency with our system of administration," and that it was simply declaratory of the common law already prevailing in this State: "That the creditor, whose claim has been duly proved, but never satisfied, or whose claim has come into existence too late to be proved, or after the administration has been closed, may in equity subject

the assets descended to his heirs to the payment of his debt.''

The statute now under consideration must, therefore, be construed merely to give a right of action against the heirs under the circumstances indicated above, and not to confer a right of action under other circumstances.

Another statute provides in substance that when all of the distributees of an estate of an intestate are of full age, they may, with the consent of all the creditors, or where the debts of the estate have been paid ''sue for, recover and collect all demands and property left by the intestate, and to manage, control and dispose of such estate without administration being had thereon.'' Kirby's Digest, § 15. This statute does not, however, create a right of action against such distributees, and the remedies of creditors against the estates of the decedents remain the same as under former statutes, that is to say, ''the creditor, whose claim has been duly proved, but never satisfied, or whose claim has come into existence too late to be proved, or after the administration has been closed, may in equity subject the assets descended to his heirs to the payment of his debt.'' *Hall* v. *Brewer, supra.*

This is not an action to subject the assets of the estate in the hands of the heirs to payment of appellant's debt, for the facts alleged do not measure up to the test prescribed in *Hall* v. *Brewer, supra,* for the maintenance of such an action. The statutes of the State give creditors the preferential right, next to the widow and heirs, to administer on the estate of a deceased debtor, and the legal remedy of appellants was to cause administration to be commenced on the estate of the decedent and to probate their claim.

Counsel urge that that course would result in splitting up the action by probating the claim in the probate court against the estate of the decedent and maintaining an action in the circuit court against the other obligors. Such is not the case, for after exhibition of a claim against an estate to the administrator, as required by statute (Kirby's Digest, § 113 *et seq.*), an action may be

maintained for the recovery of the amount of the demand as a common law action in any court having jurisdiction of the amount involved.   *Ryan* v. *Lemon,* 7 Ark. 78; *Meredith* v. *Scallion,* 51 Ark. 361.

It follows that no cause of action against the heirs of the deceased obligor was stated in the complaint, and that the court was correct in sustaining the demurrer.

Affirmed.