ORENE PARKER COMPANY v. EMERSON.

Opinion delivered June 28, 1909.

ADMINISTRATION—AUTHENTICATION OF CLAIM IN FAVOR OF CORPORATION.—
Under Kirby's Digest, § 114, providing that a claim against an estate may be verified by an affidavit made by the claimant, his agent, attorney or other person, a claim in favor of a corporation may be authenticated by the affidavit of its attorney or agent.

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*S. W. Woods,* for appellant.

Under the law of 1838, § § 87 and 88, Dig. 1838, none but the claimant could make the affidavit required to establish such claim. 14 Ark. 237; 24 Ark. 410; 21 Ark. 519. The act of March 5, 1867, sec. 2 acts 1867, p. 210, liberalized the law and facilitated the handling of such business, and applied to all claimants, *including corporations;* but the restriction requiring the affidavit to be made by the claimant or some one "acquainted with the facts sworn to" often made it inconvenient to present claims for allowance. Hence the further amendment by the same Legislature allowing an agent or attorney to authenticate claims of his principal against deceased person's estates by making affidavit that he has made diligent inquiry, etc. Acts 1867, p. 318; 26 Ark. 164. Kirby's Dig., § § 114, 116 and 117 must be construed together. Under section 114, all claims against estates of deceased persons

may be proved by an agent or attorney. If a corporation seeks to prove its own claim, section 116 designates the proper officer to make the affidavit, and section 117 prescribed the manner in which the affidavit is to be made. The affidavit here was in strict conformity to section 114, and the claim should be allowed.

*W. S. Chastain,* for appellee.

In case of a corporation the affidavit must be made by the cashier or treasurer of the corporation. Kirby's Dig., § 116. Had the act of 1867, Kirby's Dig., § 114, intended to include corporations in the class who could verify by agent or attorney, it would have said so. This court has held that none but the cashier or treasurer of a corporation can verify its claims against the estate of a deceased person. 69 Ark. 68. .

BATTLE, J. This case originated in the probate court of Marion County. It is founded on the note and affidavit as follows, to-wit:

"$9.60.                                    "January 5, 1905.

"Ninety (90) days after date I promise to pay to the order of the Orene Parker Company nine and 60/00 ($9.60) dollars. For value received, negotiable and payable without defalcation or discount and with interest from maturity at the rate of 10 per cent. per annum, and, if interest be not paid annually, to become as principal, and bear the same rate of interest.

"No.......... Due..........          K. J. Hudson.

"State of Arkansas,   ⎫
                  ⎬ ss
"County of Marion.   ⎭

"John H. Woods being sworn, states that he is one of the attorneys in this case, for the claimant, the Orene Parker Company, who are non-residents of this State, and are absent from the county; that he has made diligent inquiry, and is acquainted with the facts of this claim, and that he verily believes that nothing has been paid or delivered towards the satisfaction thereof, and that the sum claimed, $9.92, is justly due from the estate of K. J. Hudson, deceased, to said claimants.

"John H. Woods.

"Subscribed and sworn to before me this August 7, 1905.

"J .W. Smith, Clerk."

"The administrator declined to allow the claim, whereupon the administrator was duly served with notice that the demand

would be presented to the probate court for allowance. On presentation of the claim in the probate court for allowance the defendant filed an answer in substance as follows: (1) That neither the defendant nor the estate of Hudson is indebted to the Orene Parker Company, or liable for said demand. (2) That the claim is unjust in that it is founded upon an illegal consideration. (3) That said contract was procured in violation of section 5133 of Kirby's Digest, and is void. (4, 5 and 6) That said debt, being for liquors sold in prohibition territory, is void, etc.

"On the trial in the probate court the claim was allowed. The administrator appealed from the judgment of the circuit court. In the circuit court the administrator filed a motion to dismiss the action in substance as follows: That said demand is not properly verified, the plaintiff being a corporation, and the claim is not verified by the cashier or treasurer as the laws require, and should on that account be dismissed and not allowed. Prayer for dismissal, etc. The court sustained the motion and dismissed the action, to which ruling of the court the appellant at the time excepted and caused the same to be noted of record and prayed an appeal to the Supreme Court, which appeal was by the court granted."

The only question in this case is, is an attorney of a corporation authorized by the laws of this State to make the affidavit necessary to authenticate its claim against the estate of a deceased person?

Sections 87 and 88, c. 4, of the Digest of the Laws of Arkansas, of 1838, are as follows:

Sec. 87. "Before any executor or administrator shall pay or allow any debt demanded as due from the deceased, founded on any judgment, decree, bond, note, bill or account, the person claiming such debt shall make an affidavit 'that nothing has been paid or delivered toward the satisfaction of such debt, except what is mentioned or credited, and that the sum demanded is justly due.' "

Sec. 88. "In case of a debt due a corporation, the cashier or treasurer shall make the affidavit required by the preceding section."

Under the law as it then was, no one but the claimant could make the affidavit required to establish such a claim. It could not

be made by an agent or an attorney. *Beirne* v. *Imboden,* 14 Ark. 237; *Marshall* v. *Green,* 24 Ark. 410; *Saunders* v. *Rudd,* 21 Ark. 519.

Section two of an act entitled "An act to prescribe the mode of proving certain accounts, and for other purposes," approved March 5, 1867 (Acts 1866-7, p. 210), was thereafter enacted as follows: "That the affidavit required in sec. 102, chapter 4, Gould's Digest, to authenticate demands exhibited for allowance against the estate of deceased persons may be made by any person, other than the claimant, who may be acquainted with the facts sworn to, and who is otherwise competent to give evidence in a court of justice; and such affidavit shall have the same force and effect as if made by the claimant."

The affidavit referred to in this section is the affidavit mentioned in section 87 of the Revised Statutes.

The act entitled "An act to amend sections 102 and 103 of Gould's Digest of the Statutes of Arkansas," approved March 13, 1867, provides as follows: "That sections 102 and 103 of chapter 4 of the Digest of the Statutes of Arkansas be, and the same are, hereby amended so as to allow an agent or attorney, who may be cognizant of the facts, to authenticate the claims of their principals against estate[s] of deceased persons, by making affidavits that he has made diligent inquiry and examination, and that he does verily believe that nothing has been paid or delivered toward the satisfaction of the demand, except the amount credited, and that the sum demanded is justly due." (Act 1866-7, p. 318.)

The effect of this act is to allow and authorize the agents or attorneys of all persons, including corporations, to authenticate the claims of their principals against the estate of deceased persons. But appellee cites *Lanigan* v. *North,* 69 Ark. 68, to the contrary. A careful reading of the opinion in that case will show that it was not held in that opinion that agents or attorneys of corporations or persons could not lawfully authenticate the claims of their principals by complying with the acts of 1867.

The claim of appellant was properly authenticated, and should have been allowed.

Reversed and remanded with directions to the court to allow the claim.