## BURGAUER, *Adm'r. v.* LAIRD.

ADMINSTRATORS—*Authority of.*—An administrator has no authority to sell the real property of his intestate, except in the manner prescribed by statute.

PURCHASER—*Not Trespasser.*—Although the sale is invalid and void, without an order of court for that purpose, yet the purchaser, having gone into possession by consent of the administrator, he is not a trespasser, or wrongfully in possession, and could not be subject to a suit, unless he refused to surrender upon demand.

*Appeal from Montgomery Circuit Court.*

HON. E. J. SEARLE, Circuit Judge.

*Watkins & Rose,* for appellant.

Realty of intestate cannot be sold save by the intervention and under the authority of some court of competent jurisdiction; and the answer not averring anything of this kind, and merely alleging a parol purchase thereof from the agent of Burgauer, is clearly insufficient, and seems conclusive as to reversal, without further reference to other points.

*Garland & Nash*, for appellee.

The only question arising in this case comes up on complaint, answer thereto and demurrer to the answer, and that question is: Is a purchase of land by parol, when a great portion of the purchase money is paid, and possession given, sufficient to protect the vendee, when, too, he has tendered the residue of the purchase money?

We think it is. *Blakeney v. Ferguson, 8 Ark., 272; 20 Ib., 552;* if not, the plaintiff should offer to pay back the money. *Davis v. Tarwater, 15 Ark., 286,* and cases cited.

HARRISON, J.

This was a suit, the proceedings in which were under the Code, by Emanuel Burgauer, as administrator of Moses Burgauer, deceased, against James J. Laird, for the recovery of a lot, or parcel of ground, in the town of Mt. Ida.

The defense set up in the answer was, that the plaintiff, by a parol agreement, had bargained and sold the lot to the defendant for five hundred dollars, in Montgomery county scrip, which had been paid to him, and he had put the defendant in possession of the premises. The plaintiff demurred to the answer, and assigned specially as causes of demurrer: 1. That it did not show that the lot had been legally sold. 2. That the sale, being by parol, was void by the statute of frauds.

The court overruled the demurrer, and, the plaintiff standing upon it, judgment was rendered against him, and he appealed.

It is clear, beyond all question, that the plaintiff had no authority to sell his intestate's real estate without an order of court for that purpose, and except in the manner prescribed by the statute, but, although the sale to the defendant was invalid and void, having gone into the possession with the consent of the plaintiff, as a purchaser, he was not a trespasser or wrong-

17

fully in possession, and could not, therefore, in justice or reason, be subjected to a suit, unless he had refused to surrender it upon a demand or notice to quit. *Fears v. Merrill, 9 Ark., 559; Jackson v. Bryant, 1 John., 322; Jackson et al. v. Wheeler, 6 ib., 272; Harley v. McCoy, 7 J. J. Marsh, 317; Right v. Beard, 13 East., 115.* The demurrer was, therefore, correctly overruled.

Judgment affirmed.

GREGG, J., dissenting, says:

The answer in this case sets up a defense, that the defendant purchased the property; took possession under the purchase; that he had paid the purchase price, and he prayed that his possession be quieted, and that the plaintiff be compelled to make title. It attempts to set up an equitable right to the fee in the lots.

The complaint is in the usual form, under the Code, for the recovery of real property. It sets up the plaintiff's right, as such administrator, to the property and to the possession, and that the defendant is in possession, and withholds the same.

We agree with the majority of the court, that the plaintiff, as administrator, had no power to sell his intestate's real property without complying with the statute, and having an order from a competent court, and that a purchase from him, as such administrator, without such order, conveyed no valid, legal or equitable title. The complaint follows the forms in the Code.

The answer admits the plaintiff's title, but attempts to set up his own purchase, under which he went into possession, and prays to have title decreed him. This court says the facts he states show no title in him. Then, it seems to us, the demurrer was well taken to the answer.

But the court says he went into possession under the plaintiff's permission, and, therefore, the plaintiff should have demanded that he surrender possession. He does not deny a demand; he does not deny the plaintiff's right to recover, upon

the ground that he had let him peaceably into possession; and, if we presume, that presumption must be against the pleader that that demand was made. Under the general terms and short forms of our Code, it was not necessary that such demand, in words, should have been averred in the complaint; but if so, the court erred in not letting the demurrer relate back to the complaint, and holding it bad, upon the well understood ruling that a bad answer is sufficient for a bad complaint. But, we repeat, the Code prescribed the form of the complaint, and only requires that the plaintiff aver his right of property and possession. The defense here, as we conceive, rested upon the facts which the defendant averred gave him title; that title being insufficient, we hold the demurrer should have been sustained.