Planters' Mutual Insurance Association *v.* Harris.

Opinion delivered October 31, 1910.

1. Administration—Payment of Debts.—One's property at his death becomes charged with the payment of all of his debts, and a testator can not by will relieve his land or other property from liability for his debts, nor provide for the payment of one debt to the exclusion of other debts which by statute are placed in the same class. (Page 226.)

2. Same—Payment of Claims.—Without an order of the probate court directing him to do so, an administrator is not authorized to pay any claim against an estate. (Page 227.)

3. Same—Sale of Land—Order of Court.—The probate court can order a sale of real estate only in the manner and for the purpose described by the statute, and should make orders for the sale of the land for the

payment of all the debts of the estate, though the application is made by or on behalf of some particular creditor.   (Page 227.)

4.   SAME—PAYMENT OF DEBTS—ORDER OF COURT.—An order of the probate court directing the sale of land for payment of decedent's debts, and approving such sale when made, does not authorize the administrator to pay the creditors, and a payment to them is at his peril.   (Page 228.)

5.   SAME—LIABILITY ON ADMINISTRATOR'S BOND.—Ordinarily, the liability of the sureties upon an administrator's bond is enforceable only in a court of law having jurisdiction thereof, but such action would not be maintainable until the probate court has adjusted the accounts of the administrator and ordered him to pay over the amount found to be in his hands. (Page 229.)

6.   SAME—ADMINISTRATOR'S BOND—JURISDICTION OF PROBATE COURT.—The probate court has jurisdiction, in a summary proceeding by scire facias, to render judgment against the sureties upon an administrator's bond for the payment of the assets of a decedent's estate which it has found in the hands of the administrator and which it has ordered him to pay over.   (Page 229.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

*R. L. Floyd,* for appellant.

If an administrator makes payment or distribution under an order which is void, or which orders distribution before the debts are paid, he is not protected.   18 Cyc. 632.   If a sale is not made for the payment of debts, the proceeds, if needed therefor, must be applied to the debts.   *Id.* 334.

The judgment against the administrator, on which the *scire facias* was sued out, is conclusive against the bondsmen.   18 Cyc. 1190; *Id.* 1192; *Id.* 1272; *Id.* 1274; 46 Ark. 265-6.

*Patterson & Green* and *Mahoney & Mahoney,* for appellees.

J. C. Wright was not a distributee, but a creditor of the estate.   There can be but one construction of the order of April 15, 1901—that is, that the sale was made for the sole purpose of paying his debt and another.   But one meaning can be given the order of April 14, 1902, that is, it was an order directing the pay of his claim with the land or proceeds.   If this order was not specific, it must be construed with the order directing the sale and the report of sale.   23 Cyc. 1101, 1102, 1104.

The order directing the application of the proceeds was a final order, and appealable.   92 Ark. 616; 74 Ark. 81.   Not having been set aside in term time, nor appealed from, all

matters included therein became *res judicatae,* and the later order, that of July, 1906, was a nullity. 14 Ark. 244; 1 Ark. 497; 6 Ark. 282; 10 Ark. 241; 39 Ark. 482; 12 Ark. 95; 89 Ark. 163; 53 Ark. 316; 23 Ark. 444; 40 Ark. 393; 20 Ark. 526; 36 Ark. 401.

Frauenthal, J. The appellant was a creditor of the estate of G. M. Wright, deceased, and its claim had been duly allowed by the probate court in the regular course of the administration of said estate. It obtained an order from said court adjudging that J. H. Walsh, the administrator of said estate, should pay to appellant a certain proportion of its probated claim, together with the same proportion of other claims of the same class. Having exhausted its remedy against the administrator without success of collection, it sued out of said probate court a scire facias against the sureties upon this bond as such administrator, under section 158 of Kirby's Digest, and thereby sought to obtain judgment against said sureties for the amount of its claim which had been ordered paid. The probate court refused to render judgment against said sureties, and the claimant appealed to the circuit court, and that court sustained the order of said probate court refusing to render said judgment against the sureties of said administrator. The claimant has appealed to this court.

In January, 1901, J. H. Walsh duly qualified as administrator of the estate of George M. Wright, deceased, with the will annexed, and thereafter filed a petition in the probate court asking for an order to sell the land belonging to said estate in order to pay the debts of certain named creditors of said estate in pursuance of the directions contained in the will of said testator. At its April term, 1901, the probate court made the following order of sale:

"Petition to Sell Lands Granted. On this day the court takes up the petition filed by J. H. Walsh, as administrator of the estate of George M. Wright, deceased, asking for an order to sell the northwest quarter, section 36, township 19, range 16 west, belonging to said estate under the terms of the last will of said deceased, to pay the debts provided for in said will of J. W. Anderson and J. C. Wright, and now the court, being fully advised in the premises, grants the same.

"It is therefore considered, ordered and adjudged by the

court that J. H. Walsh, administrator, be authorized and directed to sell the northwest quarter of section 36, township 19 south, range 16 west, at public sale at the east door of the court house at El Dorado, Arkansas, after giving notice of the time, terms, and place of said sale. That said sale be made on a credit of three months, the purchaser giving note with approved security, and a lien to be retained on lands for the purchase money thereof. It is further ordered that the administrator make report of said sale when made."

In pursuance of said order the administrator sold said land, and thereafter made report of such sale to the probate court. Thereupon the probate court at its April term, 1902, made an order duly approving the sale of said land. The order confirming said sale is as follows:

"In matter of estate of G. M. Wright, deceased. J. H. Walsh, administrator.

"Report of sale of real estate approved. Ordered recorded. Deed approved.

"On this day the court takes up the report of the sale of the northwest quarter, section 36, township 19 south, range 16 west, made by the administrator on the 2d day of December, 1901, after being granted an order for that purpose by the court, and the court finds that said sale was made in accordance with the law, after legal appraisement, notice, etc., and, it further appearing to the court that deed has already been made to the said land to the purchaser thereof and has been duly acknowledged by said administrator by the clerk of this court, it is therefore considered, ordered and adjudged by the court that the sale made by the administrator in this matter be, and the same is, hereby approved and ordered recorded in volume A, sales bills, page ... It is further ordered by the court that the deed made to J. C. Wright as purchaser of said lands be approved as made and acknowledged, and that same be turned over to him."

There was no order made by the probate court directing the administrator to pay the debts of J. W. Anderson and J. C. Wright referred to in the above order of sale, unless it be considered that the said order of sale contained such direction. The administrator made no report to said court that he had made such payment to such creditors, and no order was ever

made by said court approving such payment. At a later year during the progress of said administration, the probate court ordered said administrator to file a settlement, which was done. The probate court passed upon this settlement at its July term, 1906, and restated the same. It charged the administrator with the proceeds of the sale of said land and with interest thereon, and this appears to have been all the assets of said estate which came to the hands of said administrator. It then provided for the payment of the cost of the administration, and directed that the remainder of the amount charged against the administrator be paid to all the creditors of the estate whose claims had been duly probated. This amount thus found due from the administrator was only sufficient to pay to each creditor a proportionate part of his claim, and the probate court found the specific sum that was thus payable to each creditor. It then ordered and adjudged that the administrator pay out of the funds of the estate thus charged to him to each of said named creditors the specified sum found due to each of them. The amount thus ordered to be paid to appellant was $147.38.

In the same order it appears that the bondsmen of said J. H. Walsh, administrator, excepted to the ruling and judgment of said probate court, and asked an appeal to the circuit court, which was granted. But said appeal to the circuit court was never actually taken or perfected. The administrator failed or refused to pay to appellant the sum thus ordered paid to it by said probate court; and, after exhausting the remedy against the administrator as provided for in section 157 of Kirby's Digest, the appellant sued out of said probate court a scire facias against the sureties of said administrator, and sought by this proceeding to obtain a judgment against said sureties for the amount of its claim ordered to be paid.

It is urged by counsel for appellees that the adminisitrator had, under the directions of the will of the decedent, applied to the probate court for an order to sell the land for the purpose of paying the debts of J. W. Anderson and J. C. Wright as provided for in the will, and that the probate court had made the above order of sale of said land in pursuance of said application. It is claimed that said above order of sale and the confirmation thereof was in effect a direction to the administrator to pay to the said creditors named in the will the amount

of their debts, which he did, and that this exhausted the proceeds of the sale of said land, which was all the assets of the estate; and it is urged that the administrator was protected by said order from further liability to said estate or the creditors thereof. The properties of a decedent become the assets of his estate, which, under our Constitution and statutes, are placed within the jurisdiction of the probate court for the due and systematic administration thereof. They become charged with the payment of all the debts of the decedent, and a testator can not by will relieve his land or other property from liability for his debts, nor can he by such will provide for the payment of one creditor to the exclusion of other creditors whose debts are by our statute placed in the same class. 18 Cyc. 335-6.

In the case of *Clark* v. *Shelton,* 16 Ark. 474, Mr. Justice WALKER, in delivering the opinion of this court, said in regard to the assets of a decedent's estate: "His estate became at once charged with the payment of all his debts to be paid under our statute according to class *pro rata;*" and he adds that there was no reason why, as between the creditors of the estate of the same class, the whole of the assets should not be considered as one fund out of which to pay all the claims of the same class."

In the case of *Jackson* v. *McNabb,* 39 Ark. 111, Mr. Justice EAKIN says: "This certainly is the only proper principle with regard to the estate of deceased persons, with regard to which the Constitution and statutes have established a fixed and certain tribunal for the exhibition of all demands and within which all demands, once exhibited, amount to a prayer for payment out of all assets which are or may thereafter come into the hands of the administrator. * * * It would be repugnant to all just ideas of administration to allow creditors * * * to eliminate particular assets from the common fund and enjoy them exclusively." The statutes of this State have provided a systematic and expeditious mode for the administration of the estates of decedents. It has provided a tribunal where the claims of creditors of such estate are exhibited and passed upon, and the mode for the payment of the claims thus allowed. They provide for the classification of such claims and for the payment thereof by the administrator according to such classification.

Without an order of the probate court directing him to do so, the administrator is not authorized to pay any claim against the estate. If he does so without such due authority, he does so at his peril. *Payne* v. *Flournoy,* 29 Ark. 500; *Whittaker* v. *Wright,* 35 Ark. 511; 18 Cyc. 580.

It may be true that an administrator would be protected in making payment to a creditor of the estate in pursuance of an order of the probate court to that effect to the exclusion of other creditors (18 Cyc. 584); but we do not think that the probate court in this case made such direction in the order for the sale of the land or in the order confirming such sale. The probate court is authorized by statute to make orders for the sale of the lands of the decedent, but such order and the sale can only be made in the manner and for the purpose prescribed by the statute. *Burgauer* v. *Laird,* 26 Ark. 256; *Montgomery* v. *Johnson,* 31 Ark. 74.

In the estate now before us the court should only have made an order for the sale of the land for the payment of all the debts of the estate, although application for such order of sale was made by some particular creditor or by the administrator for some particular creditor. And we think that this is all the order of sale of the land made by the court in this proceeding accomplished or intended to accomplish. The order provides that the land should be sold on a credit, and that the purchaser should give note therefor, and that the administrator should make report thereof. It is not provided in this order that the proceeds of the sale of this land should be paid to Anderson and Wright; and it should not be presumed that the court intended to do that which under our statutes it should not have done. The administrator did not report to the court that he had made payment of the proceeds of said sale to Anderson and Wright, and the court did not approve any such payment. The order of confirmation is only an approval of the sale of the land; it does not purport to make any disposition of the proceeds for which the land sold. We do not find, therefore, that the probate court made an order directing the administrator to pay to Anderson and Wright the debts due them; and if he did so without such legal warrant, he can not thus defeat the other creditors of the estate out of a payment of the proportion of their just claims.

No question has been made by counsel for appellees relative to the jurisdiction of the probate court to render a judgment against the sureties upon an administrator's bond, but upon consideration of this question we are of opinion that in this proceeding the probate court had the power to make such an order or judgment. Ordinarily, the liability of the sureties upon the bond of an administrator, resting as it does upon a contract, is only enforceable in some court of law having jurisdiction to adjudicate the rights growing out of such contracts. An action in such court of law upon such bond would not be sustainable, however, until the probate court had adjusted the accounts of the administrator and ordered him to pay over an amount found to be in his hands, but ordinarily the circuit court would be invested with jurisdiction to entertain an action founded upon a breach of the administrator's bond. *Jones* v. *State*, 14 Ark. 170; *Moren* v. *McCown*, 23 Ark. 93; *George* v. *Elms*, 46 Ark. 266; *State* v. *Roth*, 47 Ark. 222. But we think that the application for a scire facias against the sureties of an administrator is only a summary proceeding to secure the assets of an estate which the probate court in the exercise of its proper jurisdiction has found to be in the hands of the administrator, and that the probate court is invested with the power to proceed against the administrator and his sureties under the statute to obtain those assets of the estate. By our Constitution the probate court is given jurisdiction over the estates of deceased persons and administrators (Const., 1874, art. 7, § 34), and by the execution of the administrator's bond the sureties have subjected themselves to the jurisdiction of that court in the due administration of the assets of the estate. The proceeding is but a summary mode to obtain the assets of the estate over which, by the Constitution, the probate court is given jurisdiction. In this regard its power is similar to that which the county court has to render judgment against a delinquent collector or his sureties for the county revenues which he has collected and failed to pay over as required by law. In such a case this court has said in *Christian* v. *Ashley County*, 24 Ark. 143: "The Constitution confers jurisdiction upon the county court in all matters relating to county taxes. * * * The county court is the forum where the liability of the collector, upon which that of his sureties depends, is to be evidenced by its records. An adjudication in that forum is

conclusive evidence against the sureties, as well as the collector, in an action upon his bond in the circuit court. There can be no liability upon the collector's bond without such adjudication." And in that case it was held that the county court had jurisdiction to render judgment against the sureties on the collector's bond. And this decision was approved in the case of *Pettigrew* v. *Washington County,* 43 Ark. 33. In like manner the Constitution confers jurisdiction upon the probate court in all matters relating to the estates of deceased persons and administrators. An adjudication of the amount due by the administrator in his settlement of the assets of the estate by the probate court and the order of that court to pay such amount is conclusive, and no action on the bond of the administrator can be maintained until such order to pay over has been made by the probate court. Basing our determination upon the above decisions that the county court has jurisdiction to render judgment against the sureties of a collector for the payment of the county revenues, we are of the opinion that the probate court has the power by way of this summary proceeding to render judgment against the sureties upon an administrator's bond for the payment of the assets of a decedent's estate which it has found in the hands of the administrator, and which it has ordered him to pay over. 18 Cyc. 1279.

The judgment is accordingly reversed, and the cause remanded for a new trial.