HARPER, ADMR., *v.* WISNER.

Opinion delivered December 18, 1916.

ADMINISTRATION—SALE OF LAND FOR DEBTS—NOTICE.—The probate court is without authority to authorize an administrator to sell the lands of an estate, unless, prior to his making application for such authority, he has given the notice required by Kirby's Digest, § 195.

Appeal from Randolph Circuit Court; *J. B. Baker*, Judge; affirmed.

*S. A. D. Eaton*, for appellant.

1. The order of sale should not have been granted. No notice was given as prescribed by law. Kirby's Digest, § 195. Mere informalities do not vitiate so long as they do not mislead. 20 Cyc. 1117.

2. No inventory of the personal estate was ever filed. 64 Kans. 254.

3. No debts had been probated against the estate. It is not necessary, Kirby's Digest, § 187; 77 Am. Dec. 340. There was a valid lien on the land—it was due. 78 N. E. 71; 40 Cyc. 1710. Appellees must pay this indebtedness. 40 Cyc. 1683.

4. There was sufficient personal property to pay the debt. The jurisdiction of the probate court rested upon the allegations of the petition. 76 Am. Dig. 551; 18 Cyc. 751. The judgment was *in rem.* 44 Ark. 267. The order confirming the sale is final. 31 Ark. 75; 47 *Id.* 413; 18 Cyc. 733. The judgment was a final order and no appeal was taken. 20 Ark. 652; 23 *Id.* 39 47 *Id.* 413; 53 *Id.* 113; 38 *Id.* 78; 99 *Id.* 327. The sale could only be set aside by appeal. 53 Ark. 113; 38 *Id.* 78.

5. Richardson's rights, the purchaser, must be respected. 86 Ark. 255; 108 *Id.* 370. The confirmation relates back to the date of the sale and the purchaser was the owner from that date. 99 Ark. 327. The judgment should be reversed and the action dismissed.

*J. W. Meeks, T. W. Campbell* and *W. L. Pope*, for appellee.

1. The trial was before the circuit court *de novo.*
38 Ark. 392; 26 *Id.* 533.

2. The land was not described. The law was not complied with. The petition was properly denied. Kirby's Digest, §§ 187, 195. A claim must be presented for allowance. Croswell Ex. & Adm., p. 337; 18 Cyc. 451; Kirby's Digest, §§ 113, 114. The statutes must be substantially complied with. 65 Ark. 1; 66 *Id.* 327; 69 *Id.* 62; 97 *Id.* 546.

3. The will created a condition subsequent not precedent. 4 Kent Com., 122-133; 40 Cyc. 1695. When the takers fail or refuse to perform the condition, the land goes to the heirs. 78 N. E. 972; 9 L. R. A. 167, notes; 12 A. & E. Am. Cas. 224; 4 Kent. 122-133.

4. This is an appeal and not a collateral attack. All irregularities can be taken advantage of. 31 Ark. 75; 47 *Id.* 413.

5. The probate court had only such jurisdiction as is conferred by statute and the law must be complied with. No notice was given as prescribed by law.

HART, J. Joe A. Harper as administrator with the will annexed of the estate of Nannie W. Harper, deceased, prosecutes this appeal to reverse a judgment of the circuit court setting aside a judgment of the probate court ordering the sale of decedent's lands to pay debts. The material facts are as follows:

On March 2, 1915, Joe A. Harper was appointed administrator with the will annexed of the estate of Nannie W. Harper, deceased. On April 15, 1915, he filed his application for an order to sell a certain forty acres of land belonging to the estate of Nannie W. Harper, deceased, for the purpose of paying off a mortgage which she in her lifetime had executed on said lands and which indebtedness was unpaid at the time of her death. In his petition the land was definitely described in the application for the sale of it. The application bears the following endorsement: "Filed in open court this 15th of April, 1915. The within petition examined and the first day of July term is set for further

hearing on this petition. April 17, 1915. C. E. Pringle, Probate Judge."

Prior to this time the administrator had given no notice whatever of his intended application for the sale of the land. After this time a notice was published in a newspaper published in the county on April 30, 1915, May 7, 1915, May 14, 1915, May 21, 1915, May 28, 1915, stating that a petition had already been filed in the probate court praying an order for the sale for a certain described tract of land. This notice described a different tract of land from that described in the application. At the July, 1915, term of the probate court an order was made by said court granting the petition and ordering the sale of the land described in it. At that time no claims whatever had been probated against the estate. The land was sold pursuant to the order of the probate court and a report of sale was made and approved by the court at its October term, 1915. The administrator was directed in the order to collect the amount of sale and settle for the same at the January, 1916, term of the probate court. An appeal from the judgment of the probate court ordering the land sold was prayed by the heirs and legatees of decedent and granted by the probate court within the time allowed by law.

The circuit court held that the probate court cannot lawfully make an order authorizing administrators to sell the lands of an estate unless prior to his making application therefor he has given the notice required by section 195 of Kirby's Digest, and unless the debts for which the order of sale is made have been duly probated against the estate as above stated. The circuit court rendered a judgment denying the application of the administrator to sell the lands and setting aside the judgment of the probate court. The administrator has appealed from the judgment of the circuit court.

It may be noted at the outset that this is a direct and not a collateral attack on the judgment of the probate court ordering the lands to be sold. Section 195 of Kirby's Digest reads as follows:

"No order for the sale of lands and tenements for the payment of debts shall be made by the court, unless it shall appear to the satisfaction of the court that notice of the intended application for the sale of such lands and tenements has been given, at least four weeks before making such application, in some newspaper printed in the county where the lands lie, if there be any printed in such county, and, if none, by advertise-ments set up in at least six of the most public places in such county."

The probate court is authorized by statute to make orders for the sale of lands of the estates of deceased persons, but the order of the sale can only be made in the manner and for the purposes prescribed by the statute. *Planters Mutual Insurance Association* v. *Harris*, 96 Ark. 222.

In the case of *Rogers* v. *Wilson*, 13 Ark. 507, the administrator applied for and obtained an order of the probate court empowering him to sell certain lands belonging to his decedent's estate without giving the notice required by statute. In that case relief was denied because no appeal was taken from the judgment of the probate court ordering the land sold and the action was a collateral attack on the judgment. In that case, however, the court said that it was clearly errone-ous to have granted the order for the sale of the real estate without first having given the notice required by the statute, but the court said that the order was not void, because it was made in a proceeding *in rem*, for the sale of real estate, which, by our statute, is made assets in the hands of the administrator, and over which, by petition, the probate court had jurisdiction.

In the case of *Montgomery and Wife* v. *Johnson et al*, 31 Ark. 74, which was also a collateral attack on the judgment of the probate court ordering the sale of decedent's lands, the court said, "As a Superior Court, with general jurisdiction and plenary power over the matters committed to its peculiar cognizance, its judg-ment or order, when acting within the sphere of its jurisdiction, however erroneous it may be, is conclusive

as to all persons, until reversed upon review by a higher tribunal, or set aside in a direct proceeding for that purpose; for it is well settled that the judicial sentence of a Superior Court of competent jurisdiction over the subject-matter to which it relates, cannot be attacked or impeached in a collateral proceeding, upon the ground that the court erroneously exercised its powers. (Citing authorities.)"

Again in the case of *Livingston, Administrator*, v. *Cochran, et al*, 33 Ark. 294, a bill was filed in the chancery court to set aside an order of the probate court for the sale of land belonging to the estate of a deceased person as being null and void. One of the grounds relied upon was that the administrator had not given public notice of the intended application for the order of sale as required by the statute. The relief prayed for was denied because the court held that the action was a collateral attack upon the judgment of the probate court.

The court said, however, "It was certainly the duty of the executor to give notice as required by the statute, and it was the duty of the probate court to see that the notice had been given before making the order of sale, and the granting of an order of sale without such notice would be an error and ground for reversal of the order on appeal. But when the order comes in question collaterally, as in this case, and not in a direct proceeding to review it, it cannot be treated as null and void because such notice is not shown to have been given, as repeatedly held by this court. (Citing authorities.)"

In the application of these principles to the case at bar we think the judgment of the probate court ordering the sale of the land was erroneous because the notice required by section 195, of Kirby's Digest, was not given. As we have already seen probate courts acting through the agency of administrators and executors have jurisdiction *in rem* of the property of deceased persons but that jurisdiction can only be exercised in the manner and for the purpose prescribed by the statute. A notice is required by the statute in order that persons interested may have an opportunity to come in

before the application is heard and show that the order of sale should not be granted. In the present case, the notice of the intended application required by the statute undertook to describe the land which it stated the petition asked to be sold and the notice described a wholly different tract of land from that described in the application in the order of sale and subsequent proceedings. As we have already seen the present case is a direct and not a collateral attack on the judgment of the probate court. The judgment of the probate court was erroneous for the reasons already given and the circuit court properly set it aside. The purchaser at the sale became a party to the proceedings at the time he bid in the lands and is bound by the subsequent proceedings in the case. It appears from the record that he has not yet paid the purchase money and it necessarily follows that from there having been an appeal and reversal of the judgment of the probate court, the purchaser is not bound by his obligation for the purchase money.

Another reason given by the circuit court for setting aside the judgment was that at the time of its rendition, no claims had been probated against the estate. The record does show, however, that there was an unprobated debt secured by a mortgage on the lands which were ordered sold and the question of whether the probate court had jurisdiction to order for the protection of the estate, a sale of land for the purpose of paying off an unprobated debt secured by a mortgage on land of the estate has never been passed upon by this court. See *Long* v. *Hoffman*, 103 Ark. 574. Inasmuch as the circuit court was right in setting aside the sale for want of notice as required by the statute, it becomes unnecessary for us to pass upon the last mentioned question in this case.

The judgment of the circuit court will be affirmed.