## ALTER VS. KINSWORTHY, adm'r.

1. CLAIMS AGAINST ESTATES: *Probate of.*

   The probate of a claim against an estate, made before a justice of the peace of another State, whose official character is not authenticated, is insufficient.

2. SAME: *Amendment, etc.*

   The affidavit prescribed by law, for the authentication of claims against estates is a prerequisite to the right of action against the administrator, which he cannot waive, and may be taken advantage of at any time before trial and final judgment; nor can an insuficient affidavit be cured by amendment.

ERROR to *Lafayette* Circuit Court.

Hon. MYRON D. KENT, Circuit Judge.

*Gallagher and Newton,* for plaintiff.

The defect, of want of affidavit, was waived by appearance and answer to the suit. Motion to dismiss was a thing in abatement. This case comes within the principle of *Borden* v. *Fowler, adm'r,* 14 Ark., 471; *Grimes, adm'r,* v. *Bush,* 16 ib., 647; *Maddin, adm'r,* v. *State Bank,* 13 ib., 276.

*J. M. Moore,* for defendant in error.

The motion to dismiss and order of dismissal are brought up only as part of the bill of exceptions. Nothing is before the court. Ark. Rep. 1, 360; 10, 448; 17, 535; 21, 454; 13, 482; 4 Howard U. S. (297). The affidavit is informal, 1 Metc. (Ky.), 598; 17 Md., 92. The official character of the justice of the peace, in another State, is not authenticated. 26 Ark., 528. Affidavit made after suit brought, not good. 7 Ark., 84. Administrator could not' waive the defect. 10 Ark., 254; 14, 251; 21, 519; 5, 325; 25 Miss., 501.

WALKER, J. :

This suit was commenced in the Probate Court of Lafayette county, by filing the transcript of a judgment, with a claim predicated upon it, against the estate of Robert H. Wynn, of whose

estate Kinsworthy was the administrator. There is appended to the claim what purports to be an affidavit taken before a justice of the peace in the State of Louisiana, unaccompanied with any evidence that the person before whom the affidavit purports to have been taken, was an officer of that State, and, for this defect, as well as that it was not, in terms, a compliance with our statute, is wholly defective.

At the calling of the case in the Probate Court, Kinsworthy objected to the affidavit as being insufficient, but his objection was overruled. And thereupon he interposed a defense which questioned the validity of the claim.

Subsequently, upon leave granted for that purpose, the plaintiff filed another claim, for a much larger amount, based upon the same judgment, which was duly authenticated. This amended claim was allowed to be filed, over the objections of the defendant. Upon the hearing of the case in the Probate Court, the claim of Alter was disallowed, and judgment rendered against him for costs, from which judgment he appealed to the Circuit Court.

When the case came up to be heard in the Circuit Court, upon appeal from the Probate Court, the defendant filed the following motion:

The appellee, B. H. Kinsworthy, as administrator of the estate of R. H. Wynn, deceased, by attorney, moves the court to dismiss the suit of appellant, Charles E. Alter, upon the following grounds:

*First*—Because it does not appear that the appellant, or any person for him, exhibited his supposed claim herein, before the commencement of this suit, by delivering to the administrator of said deceased a copy of his supposed claim with the assignment and credits thereon, if any, duly and properly authenticated by his affidavit, or the affidavit of any other person for him, and by

exhibiting the original.of said supposed claim to such adminis-
trator for allowance or disallowance.

*Second*—Because it does not appear that any such affidavit as
required by law, for authenticating claims against deceased per-
sons, was made to such claim herein, prior to the commencement
of this action.

*Third*—Because the affidavit to the supposed amendment
herein was made after the commencement of this action.

The Circuit Court sustained the motion to dismiss, and ren-
dered judgment against Alter, to which he has sued out a writ of
error.

This objection is in its nature matter in abatement, which it is
contended for appellant was waived by the appearance of the de-
fendant to the action in the Probate Court; appellant also insists
that the defendant waived this objection before the trial in the
Probate Court.

It appears from the transcript that the defendant waived all
notice of the time, place and court, where the claim was to be
presented, and the service of a copy of the claim, but not of
the affidavit.

It is not inconsistent with the duties of the trust reposed in the
administrator, to waive notice of time and of a copy of the
claim.  But we apprehend that if he had waived the affidavit re-
quired to accompany the claim when presented for allowance,
that such waiver would have been beyond his duty as adminis-
trator.

The statute requires that the party who presents his claim for
allowance shall append to such claim an affidavit:  "That noth-
ing has been paid or delivered towards the satisfaction of the
claim, except what is credited thereon, and that the sum de-
manded is justly due."   Sec. 107, Gould's Digest, p. 122, pro-
vides:  "That if the affidavit required for the authentication of
claims against deceased persons be not produced in an action

against the executor or administrator for a debt against the deceased, the court shall, on motion, enter a judgment of non suit against the plaintiff. And the affidavit must appear to have been made prior to the commencement of the suit."

In the case of *Burns & Burnside* v. *Imboden, adm'r,* 14 Ark., 240, this question was presented, under circumstances in some respects like the one before us. In regard to which Mr. Justice Scott, who delivered the opinion of the court, said: "It also appears by the transcript of the proceedings of the Probate Court, that the case was twice continued in that court by consent of parties, before it was finally heard and determined there; and upon the latter ground it is insisted here, that the want of authentication (if this court should hold the affidavit insufficient) was matter in abatement, and therefore the motion for non suit, after the continuance, was out of time; and remarked, that in the case of *Ryan, et al.,* v. *Lemon, adm'r,* 2 English, 78, it was held that this motion might be made at any time prior to final judgment; and in the case of *Walker* v. *Byers,* 14 Ark., 246, it was held, that the objection for want of authentication might be taken either by plea, or motion by way of objection to the admissability of evidence offered to establish the claim.

The correctness of these decisions, made in the earlier days of the court, has never been questioned, and yielding our assent to them, we must hold that the filing of the required affidavit, verifying the claim presented for allowance, with the claim, was a prerequisite to the right of action, one which is necessary to entitle the party to present his cause of action in court, and which may be taken advantage of at any time before final judgment.

It is claimed for the appellant that conceding the claim, as first presented, defective for want of an affidavit, the amended claim, with a valid affidavit, cured this defect, and that the motion to dismiss should not have been entertained.

But it may be remarked in the first instance, that the claim presented, and to which an affidavit was attached, was another and a different claim from that first filed for allowance, but upon the same record. But if the amendment had been made, only by attaching a valid affidavit to the original claim, we think it would not be permitted, because the filing of the affidavit was a condition precedent to the right of action.

The statute required that the claim, properly authenticated, should be presented in the first place to the administrator for his approval and allowance; if approved by him, all litigation is waived; until rejected by the administrator the claimant was not required to present his claim for probate to the court. No amendment of an affidavit, or the filing of an additional affidavit, could cure the defect, it reached back to the inception of the action.

Under the state of case presented we think the motion to dismiss was properly sustained.

Let the judgment be affirmed.