WILKERSON V. GORDON.

ADMINISTRATION: *Affidavit to claim.*

> An affidavit of the justness and non-payment of a claim substantially in the form required by statute for authenticating claims against an estate made in the lifetime of an intestate, will not authorize the allowance of the claim against his estate. It might be true when made and not true at the death of the intestate.

APPEAL from *Arkansas* Circuit Court.
Hon. J. A. WILLIAMS, Judge.

*Gibson & Holt,* for appellant.

The affidavit was in due form. There was no testimony showing when Urie died, and the affidavit may have been made after his death. The presumption is that it was made after his death, unless there was proof to the contrary, and there was none.

*Secs. 102 and 103, Mansf., Dig.* were complied with by appellant. All that is required, is that the affidavit be made before presentation to the administrator. Its office is to establish the claim to the satisfaction of the administrator that it is just and unpaid, and afford the administrator an opportunity of saving the estate from expense by allowance and payment of it first. *7 Ark., 78.*

When allowed by the administrator, it is conclusive against the estate unless collusion or fraud be shown.

*W. H. Halliburton* and *J. M. Pinnell,* for appellee.

It was incumbent on appellant to show the death of Urie; that administration was had on his estate; that in his lifetime he was justly indebted to him; that it was

still unpaid, and that after the death, and before presentation to the administrator, the affidavit required by *sec. 103, Mansf. Dig.*, was made. The probate court, from its own records, discovered that the affidavit was dated prior to the death of Urie.

See *Mansf. Dig., secs. 2870, 2871, 5131, 102, 103, 107 ; 1 Gr. Ev., secs. 74 and 82 ; 2 Ark., 327 ; 25 ib., 325–6.*

The *onus probandi* was on appellant.


COCKRILL, C. J. The requirement of the statute for authenticating claims against the estates of deceased persons is not fulfilled by an affidavit made at some period in the lifetime of the decedent, to the effect that he was justly indebted to the affiant in a sum stated, and that nothing had been paid or delivered toward the satisfaction of the demand.

Such an affidavit might be true when made, but not true if applied to the facts existing at the date of the debtor's death.

The affidavit required is the foundation for legal proceedings against the estate in the probate court, and the claimant is not entitled to participate in the assets without it. *Birnie v. Imboden, 14 Ark., 237 ; Walker v. Byers, ib., 246 ; Alter v. Kinsworthy, 30 ib., 756.*

But there is no estate to proceed against nor anything over which the probate court can assume jurisdiction until the death of the debtor, and prior to that time no steps can be legally taken in the matter.

Affirmed.