KAUFMAN *v.* REDWINE.

Opinion delivered February 13, 1911.

1. ADMINISTRATION—AUTHENTICATION OF CLAIMS.—Claims against estates of deceased persons, capable of being asserted either in a court of law or equity, must be authenticated by affidavits of the claimants to the effect that the claims are just and have not been paid, in whole or in part, as the case may be. (Page 548.)

2. SAME—KNOWLEDGE OF CLAIM BY ADMINISTRATOR.—Knowledge on the part of the executor or administrator that a claim is in existence cannot do away with the necessity for its authentication. (Page 548.)

3.  SAME—REPEAL OF STATUTE OF NONCLAIMS.—The statute of nonclaims in force at the time a debt was contracted does not control where it was repealed before the death of the debtor, as the law in force at that time governs.  (Page 549.)

4.  WILLS—EFFECT OF DIRECTION TO PAY DEBTS.—The direction in a will that the executor should pay all just debts does not mean that he should pay unprobated debts.  (Page 549.)

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; affirmed.

### STATEMENT BY THE COURT.

M. C. Haven died September 24, 1907.  At the time of his death he owed appellant $279.33 on account contracted August 24, 1907.  He died testate, his will providing that all of his just debts should be paid, and the estate was solvent.  T. J. Redwine, the executor, duly qualified as such.  On October 10, 1907, appellant mailed its account, duly verified, to appellee at his proper address.  Appellee did not receive the letter.  Appellee had an original invoice of the goods sold by appellant to M. C. Haven as early as October 7, 1907.  Appellee testified that he examined the books of appellant, and did not find any record of the payment of the account.  Appellant again by mail sent a duplicate of its account, duly verified, to the proper address of appellee February 27, 1909.  This duplicate claim was indorsed as follows:

"Examined and rejected this April 12, 1909.  Tom J. Redwine, executor."

Appellant on same day (April 12, 1909) presented its claim to the probate court for allowance.  The executor resisted the claim.  The probate court allowed the claim, and the executor appealed to the circuit court.  The circuit court reversed the ruling of the probate court, and ordered that the claim be rejected.  Appellant duly prosecuted this appeal.

Appellants *pro se.*

1.  Appellee having knowledge of the existence of the debt and having the original invoice in his possession, it was his duty, under the will of the testator, to notify appellants if he considered their claim had not been properly filed.  14 Ark. 473.

2.  Appellee having knowledge of the claim, the probate court was justified in giving judgment for the appellants, and

on appeal the circuit court should have affirmed his judgment. Whether or not the facts and circumstances shown in evidence amount to a waiver of copy of the demand is one of fact for the jury, or the court sitting as a jury.    19 Ark. 226.   See also 14 Ark. 474; 121 Ga. 773; 49 S. E. 783; 114 Ill. App. 589.

*Witt & Schoonover,* for appellee.

All claims against estates must be duly authenticated and presented to the administrator or executor within the time limited, or the statute of nonclaims applies; and knowledge by the administrator or executor of the existence of the claim does not change the rule.   Act 1907, p. 1170; 14 Ark. 246; 15 Ark. 412; 49 Ark. 75; 132 Ala. 85; 2 Woerner, on Administration, § § 805, 804; Cooley, Const. Lim., 449.

WOOD, J., (after stating the facts).   The act of May 28, 1907, pp. 1170-71, classifies the demands against the estates of deceased persons.   After specifying claims for the first, second and third classes, it provides:

"Fourth.   All demands without regard to quality, which shall be exhibited to the executor or administrator properly authenticated, within six months after the first granting of letters on the estate.

"Fifth.   All such demands as may be exhibited as aforesaid after six months and within one year after the first letters granted on the estate, and all demands not exhibited to the executor or administrator, as required by this act, before the end of one year from the granting of letters shall be forever barred."

The act repeals all laws and parts of laws in conflict with it.

The statute changes the former law (Kirby's Digest, § 110) with reference to the time when claims shall be presented, but proper authentication is still required as formerly.

"The statute requires that all claims against estates of deceased persons, capable of being asserted either in a court of law of equity, shall be authenticated by affidavits of the claimants to the effect that the claims are just and have not been paid in whole or in part as the case may be." *McIlroy Banking Co.* v. *Dickson,* 66 Ark. 327, and cases cited; *Nichols* v. *Shearon,* 49 Ark. 75.   Knowledge on the part of the executor that the claim was in existence can not do away with the necessity for its authentication.   *Borum* v. *Beel,* 132 Ala. 85.   Sec. 115, Kirby's

Digest, says: "Before any executor or administrator shall pay or allow any such debt, the same shall be sworn to as aforesaid."

The statute in force at the time the debt was contracted does not control here, for that had been repealed by the present law before the death of the testator. The law in force at that time was the governing statute.

The direction in the will for the executor to pay all just debts does not mean that he shall pay them without probate. There is nothing in the will to indicate that the testator intended that his estate should be administered in any other than the regular way under the statute, which requires "all demands against the estates of deceased persons," "all such demands as may be exhibited," etc. The statute provides the very means for ascertaining whether the claims against the estate are just debts. The statute requires the executor after letters testamentary have been issued to give notice of that fact by posting at the courthouse door, or, if the court orders it, through the newspapers, etc., and "requiring all persons having claims against the estate to exhibit same," etc. Kirby's Dig. § 70.

The evidence shows that the notice was given. The appellants, having failed to comply with the requirements of the statute, are barred from having their claim allowed, and the judgment of the circuit court to that effect is affirmed.