## HIMES *v.* SHARP.

### Opinion delivered March 20, 1916.

1. ADMINISTRATION—EXCEPTIONS—DUTY OF COURT TO CONSIDER.—When exceptions to the account of an administrator are filed under Kirby's Digest, § 140, unless withdrawn by the party making them, the duty of the court to consider them is continuing so long as the account current is before the court for confirmation.

2. ADMINISTRATION—ACCOUNT CURRENT—EXCEPTIONS.—A party filing exceptions under the statute, to the account of an administrator, does not have to repeat such exceptions at each term of the court, to which the cause may be continued, and until final confirmation; the same exceptions to the account as a whole, or to any item thereof, do not have to be made more than once.

3. ADMINISTRATION—ACCOUNT CURRENT—EXCEPTIONS — CONTINUANCE.— The order of court continuing the consideration of an account current for restatement necessarily carried over the consideration of the exceptions that had been made to it when such account, at a subsequent term, came up for consideration and confirmation or rejection.

4. ADMINISTRATION—ACCOUNT CURRENT—EXCEPTIONS—FINAL ORDER.—A party filing an exception to the account current of an administrator can not appeal from an order dismissing such exception until the final judgment is rendered confirming or rejecting the account current.

Appeal from Sharp Circuit Court, Southern District; *J. B. Baker,* Judge; reversed.

### STATEMENT BY THE COURT.

At the December term, 1912, of the probate court for the Southern District of Sharp County, appellee, as administratrix of the estate of James Norris, deceased, filed for annual settlement her account current number 1, and same was continued until the next term. At the December term, 1913, of the probate court, appellants, heirs of James Norris, deceased, filed exceptions to the

account and the cause was continued to the next term, "with leave granted administratrix to restate said account current."

On September 18, 1914, the court considered the exceptions and entered judgment sustaining certain exceptions, dismissing others, and ordered the administratrix "to restate said account current accordingly, and file same so restated on or before the first day of the next term of this court."

On the 16th day of December, 1914, at the December term of the Sharp County probate court, Thos. I. Herrn, attorney for the heirs presented an affidavit and prayer for appeal from the order and judgment of the probate court "made on the 18th day of September, 1914, in refusing and disallowing their exceptions to account current number 1" in the matter of the estate of James Norris, deceased, Margaret Norris, administratrix.

The record then recites that on the 16th day of December, 1914, appellants "asked and obtained leave of the court to file an affidavit for an appeal which was by the court granted" the appeal allowed, and the clerk directed to make and certify transcript to the circuit court. Then follows account current number 1 for annual settlement restated by order of the probate court made "on the 18th of September, 1914." The account current is set forth showing a balance due the estate according to the account as restated the sum of $1,620.72. Then follows this recital:

In the matter of Account Current No. 1, Restated by Margaret Norris, administratrix estate of James Norris, deceased.

Now on this day is presented to the court the amended account current numbered 1, filed by Margaret Norris, administratrix of the estate of James Norris, deceased, filed before the first day of the present term of this court, in accordance with a former order hereof, and the same being examined by T. I. Herrn, attorney for the heirs of deceased, and no exceptions being filed to said account current, or any item thereof, by any person or

persons, the same is carefully examined by the court and found correct is in all things approved, confirmed and admitted to record, said account current showing a balance due said estate by said administratrix the sum of sixteen hundred and twenty dollars and seventy-two cents, and the attorney for the heirs at the time excepted to the approval of said account current and prayed an appeal to the circuit court of the Southern District of Sharp County, which is granted.''

In the circuit court the appellee moved to dismiss the appeal for the following reasons:

1. Because there were no exceptions filed in the probate court to the amended account current, and that no appeal was ever taken or prayed from the order of the probate court approving said account current No. 1, as amended.

2. And because the appellants have filed no bond for costs as required by law.

The court found as follows: That the record shows that there was no exception nor objection to the amended, restated account current No. 1 in the probate court and no affidavit nor prayer for appeal from its confirmation either in term time or in vacation, and further finds that the said plaintiffs have filed no bond for the costs as required by Act No. 327, of the acts of the Legislature of the State of Arkansas, 1909.

The court then rendered judgment dismissing the appeal, and for costs against appellants, which judgment they now seek to reverse.

The Appellants, *pro sese*.

Exceptions were filed to the amended account once; it was unnecessary to refile or renew them. No bond for costs was necessary as appellants asked for no supersedeas. Kirby's Digest, § 1348; Acts 1909, Act 327; Kirby's Digest, § 1348, 1350.

*David L. King*, for appellee.

No exceptions were filed to the account and no bond for costs was given. The appeal was properly dismissed.

Act 327, Acts 1909, amending Kirby's Digest, § 1348. The statute must be complied with. 9 Ark. 128; 21 *Id.* 94; 26 *Id.* 414; 65 *Id.* 421; 104 *Id.* 285.

Wood, J., (after stating the facts). The court erred in dismissing the appeal. The statute provides: "Any person interested as heir, legatee or creditor may file exceptions to such account, or any item thereof, on or before the second day of the term of said court to which such account may be continued; and, if exceptions are not filed within the time specified, such account shall be examined and confirmed as hereinbefore provided, and such account when confirmed shall never thereafter be subject to investigation, unless in a court of chancery," etc. Kirby's Digest, section 140.

(1-2) When exceptions are once filed under this statute, unless they have afterwards been withdrawn by the party making them, it is the duty of the court to consider them as continuing so long as the account current is before the court for confirmation. A party filing exceptions under the statute to the account of the administrator does not have to repeat such exceptions at each term of the court, to which the cause may be continued, and until final confirmation the same exceptions to the account as a whole or to any item thereof do not have to be made more than once.

(3) The order of the probate court sustaining certain exceptions and dismissing others at the term of the court previous to the term at which the account was finally passed on and confirmed was not a final judgment, so far as these exceptions were concerned. The order of the court continuing the consideration of the account current for restatement necessarily carried over the consideration of the exceptions that had been made to it when such account, at a subsequent term, came up for consideration and confirmation or rejection.

(4) It is manifest that a party filing an exception could not appeal from the order of the court dismissing such exception until the final judgment was rendered, confirming or rejecting the account current. The court

therefore erred in finding that there were no exceptions to the restated account current in the probate court. The court also erred in finding that there was no affidavit nor prayer for appeal from the judgment of the probate court confirming the account current. It appears that this judgment was rendered on the 16th day of December, 1914, and it is recited in the judgment rendered on that day that "the attorney for the heirs at the time excepted to the approval of said account current and prayed an appeal to the circuit court of the Southern District of Sharp County, which is granted." It also appears that on the same day Thomas I, Herrn, attorney for the heirs, filed a motion and an affidavit praying for an appeal "from the order and judgment of this court made on the 18th of September, 1914, in refusing and disallowing their exceptions to account current No. 1." And the affidavit stated that they "verily believe they are aggrieved by said order and judgment." True this motion and affidavit and the order granting the appeal preceded on the record the entry of the final order and judgment on the account, but that could make no difference. The orders were made on the same day, and it would be highly technical and putting form before substance to say that these record entries, when considered together, were not a sufficient compliance with the law to perfect appellant's appeal, and to entitle them to have the same heard in the circuit court. The appeal being perfected in the circuit court, and the appellant having filed his exceptions in the probate court as required within the time provided by the statute, could renew these exceptions or amend the exceptions already filed in the circuit court.

The court found that no bond for costs was filed as required by Act No. 327 of the acts of the Legislature of the State of Arkansas of 1909. Under section 1348 of Kirby's Digest, as amended by Act No. 327, *supra,* and sections 1349 and 1350 of Kirby's Digest, a bond is not required as a prerequisite to an appeal except in cases where the appellant desires a supersedeas.

The judgment is therefore reversed, and the cause remanded with directions to reinstate the appeal.

Kirby, J., dissents.