### PERRIN *v.* LINER.

### Opinion delivered May 21, 1917.

1. ADMINISTRATION—ALLOWANCE OF CLAIM—DUTY TO FILE BOND.—On appeal from an order of the probate court allowing a claim against an estate, under Acts of 1909, p. 956, it is necessary for the party appealing to file a bond, and the bond is filed too late when it is not filed until after a motion to dismiss for failure to file the same was passed upon.

2. ADMINISTRATION—ALLOWANCE OF CLAIM—AFFIDAVIT FOR APPEAL.— The affidavit for an appeal from the order of the probate court allowing a claim against an estate, may under Act 1909, p. 956, be signed by appellant's attorney.

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Pole McPhetridge,* for appellant.

1. Appellants in the circuit court were not parties to the record in the probate proceedings.

2. No sufficient affidavit for appeal was made. Kirby's Digest, § 1348; Act 327, Acts 1909, pp. 956-7.

3. The circuit court had power and should have permitted appellants to file the bond *nunc pro tunc.* Kirby's Digest, §§ 1349-50, 1310-1311; 63 Ark. 145.

4. Sections 1349-40, Kirby's Digest, are not repealed. Act 327, Acts 1909. The acts can be read together and there is no repugnancy. 50 Ala. 276; 56 *Id.* 500; Lewis' Sutherland Stat. Constr., § 267, pp. 511, 512.

The dismissal of the appeal was erroneous.  40 Ore. 154; 204 Penn. St. 504.

*Minor Pipkin,* for appellee.

1.  The affidavit for appeal was not sufficient. Kirby's Dig., § 6125; Sutherland Stat. Const., § 447.

2.  The filing a bond for costs is jurisdictional.  123 Ark. 61.  This case does not apply here.  Act 327, Acts 1909.  The case in 10 Ark. 569 is at least instructive and persuasive.

The court was right in dismissing the appeal.

SMITH, J.  Appellee probated a claim against the estate of G. W. Liner on the 23d day of September, 1915. On December 31, 1915, the heirs at law of Liner, by their attorneys, filed in the office of the clerk of the probate court an affidavit and prayer for appeal from the judgment of allowance of said claim, which appeal was granted.  On October 17, 1916, appellee filed in the circuit court a motion to dismiss the appeal because of an insufficient affidavit for appeal, and for failure to execute a cost bond.  The court, on October 19, sustained this motion, and dismissed the appeal.  On October 21 appellants filed a motion to set aside the order dismissing the appeal, and offered, in this motion, to file a bond for costs.  This motion was overruled, and this appeal has been prosecuted to reverse that order.

(1)  The act of the General Assembly of May 31, 1909 (Acts 1909, page 956) conferred upon appellants, as heirs at law of the intestate whose estate was being administered, the right of appeal which they have exercised, and gave them a right which they did not have prior to its enactment.  In creating this right the Legislature also prescribed the manner of its exercise.  It is allowed "upon the filing of such affidavit (for appeal) and bond for costs."  *Himes* v. *Sharp,* 123 Ark. 61; *Owens* v. *Douglas,* 121 Ark. 448; *McKenzie* v. *Crowley,* 119 Ark. 185.

It is said the case of *Himes* v. *Sharp, supra,* is against this construction. But that case must be read in the light of the facts there under consideration. There the issue arose over the disposition of exceptions to the settlement of an administratrix. The exceptants were parties to the record. They had a right of appeal which was not conferred by the act of 1909, and they were not, therefore, required to comply with the requirements of that act to assert a right which the act had not given them and which they were not attempting to exercise under it.

It is argued that, while a bond for costs is required, it is not a jurisdictional requirement; that the failure to give the bond may be waived by the parties, or that the omission may be supplied in the circuit court. This is said to be the effect of our decisions in the cases of *Stricklin* v. *Galloway,* 99 Ark. 56, and *Saline County* v. *Kinkead,* 84 Ark. 329. However this may be, we think no error was committed by the court under the facts of this case. No attempt was made to give this bond until after the motion to dismiss for the want of it had been heard and passed upon, and the offer to supply the bond **was not made until two days** after the court had made its order dismissing the appeal for the want of the bond. Under these circumstances we can not say that the offer was made within apt time and that the court erred in not permitting the bond then to be made.

(2) The ground of the objection to the affidavit is that it was made by the attorneys in the case without any showing or statement therein as to why it was made by them, and not by the parties. This objection is based upon the requirements of section 6125 of Kirby's Digest, which provides that, ''Whenever the affidavit of the plaintiff or defendant is required to verify a pleading, to obtain a warning order, a provisional remedy, or any other order in an action, or on a motion or proceeding therein, it may, unless otherwise expressed, be made by the agent or attorney of the party, if the party is absent

from the county, or is mentally incapable of taking an oath, or is physically unable to attend before the court or officer for the purpose of making the affidavit, in which case the affidavit shall state the reason, and that the affiant is the agent or attorney of the party."

It will be observed that this section relates to affidavits which the parties, plaintiff or defendant, should, themselves, make, and permits their attorneys to make them for them only in the cases stated, and requires a recitation of the particular reason prompting the attorney to make the affidavit, rather than his client. The act of 1909 has no such limitation. While it requires the execution of an affidavit, it permits this affidavit to be made either by the "party aggrieved, his agent or attorney." The attorney has the same right to make the affidavit that the party has, and the provisions of section 6125 do not apply.

Finding no prejudicial error, the judgment of the court below is affirmed.