EASLEY v. ROWE.

Opinion delivered March 10, 1919.

1. EXECUTORS AND ADMINISTRATORS—ACTIONS ON CLAIMS—JURISDICTION.—The circuit court has jurisdiction of claims against estates of deceased persons provided the affidavit of the justice and nonpayment of the claim, made before commencement of the action, is produced.

2. SAME—AUTHENTICATION OF CLAIM.—In an action against an administratrix to recover money collected by her and her deceased husband on plaintiff's notes, an affidavit setting out the amount of the claim, that nothing had been paid in satisfaction, and that the amount of $200 was justly due, was a substantial compliance with Kirby's Digest, section 114, and was all that was required.

3. SAME—STATUTE OF NONCLAIM.—Under the statute of nonclaim, suit against an administratrix, with claim produced and properly authenticated, must be brought within one year after grant of letters.

4. SAME—EXHIBITION OF CLAIM.—Under Kirby's Digest, section 112, bringing an action against an administrator as such within one year after his appointment is a legal presentation of the claim; but bringing an action against an administrator personally cannot be treated as such legal exhibition.

Appeal from Hot Spring Circuit Court; W. H. Evans, Judge; reversed.

E. H. Vance, Jr., for appellant.

1. The suit should have been brought in the probate court, as the circuit court had no jurisdiction. Kirby's Digest, § 124; 90 Ark. 198.

2. There was no duly authenticated claim against the estate presented prior to the institution of suit in the circuit court. Kirby's Digest, § § 110, 119; 30 Ark. 756; 7 Id. 78; 14 Id. 234; 110 Id. 225; 105 Id. 97.

3. The suit was barred by the statute of nonclaim of one year. Kirby's Digest, § 110; Acts 1907, p. 1171; 202 S. W. 239.

4. The original suit brought by Ada Rowe and Ella Small before a justice of the peace was against Ella Easley *individually* and not as administratrix and a non-suit without prejudice would not arrest the statute of limitations.

5. The notes of C. W. Moore, if delivered as a gift to appellees, their remedy was against C. W. Moore, who owed the debt, and not against Easley's estate. The instructions are against the law and the judgment should be reversed and the case dismissed.

*Jabez M. Smith,* for appellees.

1. Suits may be brought against an estate either by ordinary action or in the probate court. Either the circuit court or probate court has jurisdiction. The claim was duly authenticated. 7 Ark. 78; 14 *Id.* 234; 105 *Id.* 97; 110 *Id.* 225. The proper affidavit was made. 90 Ark. 340-1; 97 *Id.* 296; 105 *Id.* 95.

2. The suit was not barred, as the facts show. Suit was brought before a justice of the peace. Nonsuit was taken and suit brought within one year. Kirby's Digest, § 5083. Nonclaim cannot be availed of because the record shows the letters of administration were dated November 23, 1916, and appellees had the right to rely upon the record and the year had not expired, as appellees were misled by the record. Mistakes for which parties are not liable will not affect their rights. Citations are not necessary, as this is the settled law.

HUMPHREYS, J. On October 15, 1917, appellees instituted suit against appellant, as administratrix of the estate of C. H. Easley, deceased, in the Hot Spring Circuit Court, to recover $200 with interest at the rate of eight per cent. per annum from the 7th day of November, 1911, for money which had been collected on notes, belonging to appellees, partly by C. H. Easley, in his lifetime, and partly by appellant, as administratrix of the estate of C. H. Easley, deceased. It was alleged that appellant was appointed administratrix of the estate of C. H. Easley, deceased, on the 23rd day of November, 1916.

With the complaint, an affidavit of the justice and non-payment of the claim was produced, of date September 24, 1917.

Appellant denied that the notes upon which the money had been collected by her husband, C. H. Easley, in his lifetime, and by her, as administratrix of his estate, were the property of appellee; also denied that she was appointed administratrix of the estate of C. H. Easley, deceased, on the 23rd day of November, 1916; and, as an additional defense, pleaded the statute of nonclaim, alleging that letters of administration of the estate of C. H. Easley, deceased, were issued to her on September 26, 1916, and that the suit was not instituted by appellees until October 15, 1917. Appellees filed a reply to the answer of the administratrix, setting up that, after appellant was appointed administratrix, appellees instituted suit against appellant in the court of J. M. Ketchum, a justice of the peace of Henderson township, which was appealed to the circuit court on the 30th day of July, 1917, and nonsuit was taken in said suit without prejudice. Appellant filed an answer to appellees' reply, denying that there had been a suit instituted after her appointment as administratrix before J. M. Ketchum, a justice of the peace, against her as administratrix of the estate of C. H. Easley, deceased.

The cause was submitted to a jury on the pleadings, evidence and instructions of the court. The jury returned a verdict in favor of plaintiffs for $75 each, and a judgment was rendered in accordance therewith. Proper steps were had and done and an appeal has been prosecuted to this court from said judgment.

Appellant first contends that this cause of action was exclusively cognizable in the probate court of Hot Spring County and that it was error for the circuit court to entertain jurisdiction of the action. Before the adoption of the Constitution of 1874, courts of law had jurisdiction to entertain suits for claims against the estate of deceased persons if an affidavit of the justice and non-payment of the claim, made before the commencement of the

suit, was produced. *Ryan et al. use etc.* v. *Lemon, Admr.,* 7 Ark. 78; *Beirne & Burnside* v. *Imboden et al. Admr.,* 14 Ark. 237; *Alter* v. *Kinsworthy, Admr.,* 30 Ark. 756; *Eddy* v. *Loyd,* 90 Ark. 340. The jurisdiction to entertain such suits by courts of law was not disturbed by the adoption of the Constitution of 1874. *Turner* v. *Rogers,* 49 Ark. 51; *Meredith* v. *Scallion,* 51 Ark. 361.

It is next insisted by appellant that the claim was not properly authenticated. The affidavit of the authentication set out the amount of the claim, that nothing had been paid toward the satisfaction thereof, and that the amount of $200 was justly due. This was a substantial compliance with the form of affidavit required in section 114 of Kirby's Digest. A substantial compliance in the matter of form of the affidavit is all that is required. *Wilkerson* v. *Eads,* 97 Ark. 296; *Hayden* v. *Hayden,* 105 Ark. 95; *Davenport* v. *Davenport,* 110 Ark. 222.

Lastly it is insisted that the claim, or demand, is barred by the statute of nonclaim. The undisputed evidence in the case disclosed that the application, bond and letters of administration were all dated September 26, 1916; that she made out her inventory and appraisement of the estate on October 16, 1916, and filed them on October 21, 1916; that the letters were recorded, through mistake of the deputy clerk, on November 23, 1916; that this suit was instituted on October 15, 1917, more than one year after the date of the letters of administration. Appellees insist that the statute of nonclaim did not begin to run until the letters of administration were recorded on November 23, 1916, and that the statutory bar did not attach because the suit was instituted within one year from that time. Appellees are in error in this contention. This court has held (quoting syllabus 1) that "all claims against the estates of deceased persons must be exhibited, duly authenticated, to the administrator or executor, within two years after the grant of letters, as decided in *Walker Ad.* v. *Byers,* 14 Ark. 246." *Bennett et al.* v. *Dawson et al.,* 15 Ark. 412. The time has been changed in the statute of nonclaim from two years to one

year since the decree in *Walker, Ad.* v. *Byers, supra,* so under the statute as it now stands, a suit with claim produced and properly authenticated must be brought within one year after the grant of letters. However, it is insisted by appellees that they brought suit against appellant before J. M. Ketchum, a justice of the peace, within one year from the date of the letters, which case was appealed to the circuit court where a nonsuit was taken without prejudice on the 30th day of July, 1917, less than a year before the institution of the present suit. It is insisted that they had one year within which to institute the suit after the nonsuit was taken. Section 112 of Kirby's Digest is as follows: ''All actions commenced against any executor or administrator after the death of the testator or intestate shall be considered demands legally exhibited against such estate, from the time of serving the original process on the executor or administrator, and shall be classed accordingly.'' Thus it will be seen that the bringing of an action against an administrator within one year after the appointment is a legal exhibition of the claim or demand against the estate. Had such a suit been brought and nonsuited without prejudice, appellees could have brought another suit at any time thereafter against appellant in her representative capacity. But, on inspection of the record, we have ascertained that the suit instituted before J. M. Ketchum was a suit against Mrs. Ella Easley in her personal capacity, and, for that reason, the suit cannot be treated as a legal exhibition or presentation of the claim against the estate. It follows that it was necessary to have brought this suit within one year from the appointment of the administratrix.

For the error indicated, the cause is reversed and dismissed.