ACKER v. WATKINS.

4-4434

Opinion delivered November 23, 1936.

*Gregory & Taylor* and *R. W. Robins,* for appellant.

*John E. Miller* and *C. E. Yingling,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of White county, in effect approving and confirming an account current or report filed in the probate court of said county by appellee on the 21st day of June, 1934, as executor of the estate of S. M. Acker, deceased, and examined and approved by the probate court on the 9th day of July, 1934, and examined and confirmed by said court on the 8th day of October, 1934.

On November 7, 1934, appellant filed two separate affidavits for an appeal from the order of the probate court approving the report or account current and from its order confirming its report or account current.

On November 10, 1934, the probate court granted an appeal to the circuit court.

On March 15, 1935, appellant filed a motion in the circuit court to strike certain items of credit from the account current, to which a demurrer was filed on two grounds: First, that said motion failed to state facts sufficient to entitle appellant to the relief prayed for; and second, that its motion was a collateral attack upon the judgment of the probate court.

On October 4, 1935, appellee filed a motion to dismiss the appeal on the ground that appellant failed to file an appeal bond. The court overruled the demurrer to the motion to strike and also overruled the motion to strike and also overruled the motion to dismiss the appeal.

Appellee contends that the court erred in overruling his demurrer to the motion to strike and also in over-

ruling his motion to dismiss the appeal from the probate court.

■ After the court overruled the demurrer to the motion to strike certain items from the account current, the motion to strike the items was overruled, so it is unnecessary to determine whether the court erred in overruling the demurrer. By overruling the motion to strike, appellee gained all he would have gained had the court sustained the demurrer to the motion to strike the items.

■ Appellee also contends that the trial court erred in overruling his motion to dismiss the appeal because, under § 2258 of Crawford & Moses' Digest, appellant was required to execute a bond to pay the costs of the appeal if the judgment of the probate court should be affirmed, and that she did not execute such a bond. In the first place, the record is silent as to whether the bond was given, and in the next place, appellee's motion did not ask a dismissal of the appeal because appellant had not executed a cost bond. The motion is as follows:

"The respondent, T. A. Watkins, executor, of the estate of A. M. Acker, deceased, moves the court to dismiss the appeal of Ethel Laura Acker herein for the reason that she has not made an appeal bond herein as required by law."

Section 2258 of Crawford & Moses' Digest does not require the execution of an appeal bond as a prerequisite to taking an appeal. Section 2260 of Crawford & Moses' Digest provides that an appeal may be taken without supersedeas. It was ruled in *Himes* v. *Sharp,* 123 Ark. 61, 184 S. W. 431, that it was only where supersedeas was desired an appeal bond is required on appeal from an order of the probate court.

Appellant contends that the trial court erred in approving and confirming the judgment of the probate court approving and confirming said report or account current because, in approving and confirming same, appellee was allowed credits for claims he presented against the estate which had not been probated in accordance with law, and because he failed to charge himself with rents and other sums he collected or should have collected for the estate.

The undisputed facts, as reflected by the record, are, in substance, as follows:

S. M. Acker died testate on July 9, 1929, leaving his widow, appellant herein, and three children by a former marriage. His will provided that T. A. Watkins should act as executor and trustee for his widow and heirs and that he should file proper bond with the probate court for the faithful performance of his duties. The will was probated in a short time after the death of the testator, and appellee took immediate charge of the estate. He never filed any inventory or appraisement of the property, and letters testamentary were not issued to him for some time thereafter, and he did not file a bond until April 15, 1932, which was almost three years after he took charge of the estate. Prior to the filing of the bond and qualifying as executor, he applied to the probate court for an order to mortgage all the real estate. Pursuant to this order, he borrowed from the bank of which he was president $3,500 and mortgaged all the real estate to secure same. He filed no annual accounts current with the probate court until June 21, 1934, about five years after he took charge of the estate, at which time he filed the account current or report involved in this suit, which was approved and confirmed by the probate court, and, on appeal, was approved and confirmed by the circuit court.

In this account current or report, he charged himself with the $3,500 he borrowed, $480.75 cash on hand, and rents collected during his administration, amounting to $2,322, making a total of $6,303.15. He credited himself with the expenses of the administration and a large amount of claims against the estate, totaling $5,453.83, and showed that the estate owed, on the mortgage to the bank, including interest, $6,736. Practically none of the claims against the estate which he had paid and for which he had taken credit were verified in accordance with the law, or presented to and approved by the probate court. He also failed to charge himself, through mistake or oversight, with all amounts he collected or should have collected.

In view of this undisputed evidence, the question arises as to whether appellee was entitled to credit for the claims against the estate which he paid and which were not probated in accordance with the requirements of the statutes. The statutes with reference to the verification and probation of claims against the estate of a deceased are §§ 100, 101, 102, 108 and 112 of Crawford & Moses' Digest, and these statutes were not followed by appellee in the payment of claims for which he takes credit in his account current or report. Section 102, referred to above, requires that before any executor or administrator shall pay or allow any such debts, the same shall be sworn to as aforesaid, referring, of course, to §§ 100 and 101. The sections of the statute referred to have, in a long line of decisions of this court, been construed to be mandatory. Cases so holding are *Beirne* v. *Imboden,* 14 Ark. 237; *Saunders* v. *Rudd,* 21 Ark. 519; *Walker, Admr.* v. *Byers,* 14 Ark. 246; *Alter* v. *Kinsworthy,* 30 Ark. 756; *Wilkerson* v. *Gordon,* 48 Ark. 360, 3 S. W. 183; *Jefferson* v. *Edrington,* 53 Ark. 545, 14 S. W. 903; *Cox* v. *Phillips,* 65 Ark. 1, 45 S. W. 990; *McIlroy Banking Company* v. *Dickson,* 66 Ark. 327, 50 S. W. 868; *Lanigan* v. *North,* 69 Ark. 62, 63 S. W. 62; *Planters Mutual Insurance Ass'n* v. *Harris,* 96 Ark. 222, 131 S. W. 949; *Kaufman* v. *Redwine,* 97 Ark. 546, 134 S. W. 1193.

Appellee contends that the direction in the will for him to pay all just debts would have the effect of authorizing him to pay them without first being probated. In the case of *Kaufman* v. *Redwine, supra,* this court said: "The direction in the will for the executor to pay all just debts does not mean that he shall pay them without probate."

The judgment of the circuit court, therefore, approving and confirming the order of the probate court, approving or confirming the account current or report involved in this suit, is reversed, and the cause is remanded with directions to the circuit court to restate the account, charging the executor with the amounts he paid on unprobated claims, and with all collections he made or should have made for the estate upon notes and rents from the real estate. Of course, in surcharging

the account, appellee will be entitled to credit for such amounts as were expended for the benefit of appellant, and which were received by her.