WITHERS, EXECUTRIX, v. MERRITT.

4-8264                                          204 S. W. 2d 881

Opinion delivered October 20, 1947.

92

*Botts & Botts*, for appellant.

*Peyton D. Moncrief*, for appellee.

MINOR W. MILLWEE, Justice. Appellant, Mrs. Vivian Withers, was named executrix in the will of her uncle, W. R. LaCotts, a resident of the Southern District of Arkansas county, who died July 22, 1944. After directing the payment of debts and funeral expenses, the testator bequeathed and devised all of his property to appellant. The will was filed for probate on July 28, 1944, and letters testamentary issued on September 25, 1944.

A claim in the amount of $602.44 in favor of appellee, J. C. Merritt, based on a joint promissory note of testator and his brother, was examined and allowed as a third class demand by the Probate Court on March 26, 1945.

On December 14, 1945, appellant filed a motion to set aside the judgment allowing the claim of appellee. Appellant alleged as grounds for her motion that: (1) Neither she nor her attorney had any knowledge of the filing or allowance of the claim of appellee until December 3, 1945; (2) she was never presented with a claim and was never notified of the filing thereof, as required by law and said claim was, therefore, void for want of notice; (3) the estate of W. R. LaCotts, deceased, was not indebted to appellee because the alleged claim was barred by the statute of limitations. The statutes of limitation and non-claim were pleaded in defense of the claim.

Appellee filed a response denying the allegations of the motion and alleging that on July 21, 1945, he filed a petition, as a creditor, to require appellant to file a bond, inventory and settlement of the estate, and that this petition was presented to the court in the presence of counsel for appellant who agreed to file an inventory, which was not done until December 14, 1945; that soon after the filing of the claim, appellant acknowledged the authenticity and correctness of the claim to appellee at his place of business in DeWitt, Arkansas; and that the judgment of allowance had become final and was not subject to review.

At a hearing on the motion to vacate on December 9, 1946, appellant testified that she was never notified of any claim being filed against the estate; that the claim of appellee was never exhibited to her and she was not notified by letter, or otherwise, that a claim had been filed until long after it was allowed. She also testified that on one occasion appellee had mentioned the fact that he had a claim against the estate, but did not know the amount of the claim. She told appellee that she lived at El Dorado, Arkansas, and that the matter should be taken up with her attorney and the note presented to him. She also testified that after she filed her motion to vacate the judgment allowing the claim, appellee brought the original note with a statement of credits attached thereto to the office of appellant's attorney; that she inspected the note and statement of credits attached thereto and the date of the last payment shown on the statement was June 30, 1939; that witness and her son both made written notations of this date, and appellee was told that the note was barred by limitations.

Appellant's attorney testified that shortly after probation of the will he had a conversation with counsel for appellee in which the latter mentioned the existence of the indebtedness and witness told him to present the note and, if it was all right, the matter could probably be adjusted; that nothing further was said and, thinking appellee would file the claim, witness made several searches of the files and was unable to find the claim;

that one of these searches was made a few days before the expiration of the statute of non-claim.

The secretary of counsel for appellant testified that she searched the file in the clerk's office on three, or more, occasions 'and did not find the claim. A search was made before the claim was allowed, and the deputy clerk failed to find the claim when he searched the file at witness' request.

Appellee offered no evidence in contradiction of testimony on behalf of appellant, but counsel for appellee stated to the court that the claim was filed and that he talked with opposing counsel about the note and having filed the claim. The record discloses that a duly authenticated claim with a copy of the note attached thereto was filed on July 29, 1944. The claim does not include a statement of credits, but recites, "Balance due on above note after payments credited as of July 27, 1944, the sum of $602.44." At the conclusion of the hearing on the motion to vacate, the trial court denied same and the executrix has appealed.

The law applicable to the method of exhibiting and allowing demands against estates at the time of the instant proceedings is found in §§ 100 and 107 of Pope's Digest which read as follows:

"Section 100. . . . Any person may exhibit his claim against any estate as follows: if the demand be founded on a judgment, note or written contract, by delivering to the executor or administrator a copy of such instrument, with the assignment and credits thereon, if any, exhibiting the original, and if the demand be founded on an account, by delivering a copy thereof, setting forth each item distinctly and the credits thereon, if any; provided, that any person having or holding a claim against any estate may file said claim, authenticated as now required by law, with the probate clerk of the court which has jurisdiction of the Executor and/or Administrator and/or estate; provided further, that immediately upon the filing of such claim with the probate clerk, it shall be the duty of the claimant, his attorney or agent, or anyone for the claimant, to notify the Executor and/or Admin-

istrator by registered mail with return receipt requested, directed to the last known address, of the fact that the claim has been filed with the clerk, and unless such Executor and/or Administrator shall approve or disapprove said claim by writing thereon within thirty days from the date of the mailing of such notification, the said claim shall, for all purposes, be regarded as having been exhibited to, and approved by, the said Executor and/or Administrator; and the judge of probate shall if he deems the claim just cause a concise entry of the order of allowance to be made upon the record, which shall have the same force and effect as a judgment. . . .

"Section 107. . . . If the Executor or Administrator shall be satisfied that the claim thus exhibited against the estate of his testator or intestate is just, he shall indorse thereon his approval and allowance of the same, and the time it was exhibited; provided, however, that all claims filed with the claimant, his attorney or agent in the manner prescribed by § 100 shall be deemed to have been approved by the Administrator and/or Executor unless, within thirty days from date of the receipt of notice from the claimant, his attorney or agent, as set forth in the preceding section of this act, such Executor and/or Administrator shall, in writing, and in the manner now prescribed by law, disapprove said claim."

Prior to enactment of the above statutes the only method provided for exhibiting a demand against an estate based on a promissory note was by delivering to the executor or administrator a copy of the note, with the credits thereon, and exhibiting the original instrument. The provisos contained in §§ 100 and 107, Pope's Digest, were added by Act 90 of 1935. In many cases construing the earlier statute this court has held the requirements set out therein to be mandatory. In *Friend* v. *Patterson*, 150 Ark. 577, 234 S. W. 978, this court said: "This provision of the statute requiring the original to be exhibited to the administrator is mandatory. . . . The statute conserves a wise purpose, inasmuch as it was intended to prevent possible mistakes, frauds, or forgeries, by giving to the executor or administrator the opportunity to ex-

amine the original instrument which is the basis of claim before approving or rejecting it. As we have said, it must be complied with before the claimant can have judgment in his favor allowing the claim against an estate in the probate court." See, also, *Acker* v. *Watkins,* 193 Ark. 192, 100 S. W. 2d 78, and cases there cited.

There are a few cases holding that, while the provision of the earlier statute was mandatory, the administrator might, under certain circumstances, waive the delivery of the copy. Typical of these is the case of *Grimes as Ad.* v. *Booth,* 19 Ark. 224, where the administrator complained that the requirement that a copy of the claim be delivered to him had not been met. The proof showed that the original demand, duly authenticated, was presented to the administrator along with several other claims; that the administrator at his own request kept the original claim for more than six weeks and examined the books and papers of deceased in reference to the several claims. It was held that the court was warranted in finding a waiver of the delivery of a copy as provided in the statute.

In *Abston-Wynne & Company* v. *Wasson,* 186 Ark. 929, 56 S. W. 2d 1029, it was held that the executors of an estate might waive exhibition of the original note. There a claim was presented with copies of the notes attached thereto which were exhibited to the executors who promptly allowed the claim. Parties claiming to be creditors and devisees under the will objected to allowance on the ground that the original notes were not exhibited to the executors. The undisputed proof showed the executors were familiar with the indebtedness and knew that it was a valid claim against the estate which had not been paid, and, knowing the claim was just, made no demand for the original notes.

The undisputed evidence in the case at bar is that neither appellant nor her attorney was presented with either the original or a copy of the note prior to allowance of the claim on March 26, 1945. While the record shows a claim was filed with the clerk on July 29, 1944, it is not contended that appellee, or anyone for him, noti-

fied appellant by registered mail that the claim had been filed as provided in § 100, Pope's Digest. Mere knowledge on the part of the executrix that the claim was in existence is not sufficient to constitute a waiver of the mandatory provisions of the statute. *McIlroy Banking Co.* v. *Dickson,* 66 Ark. 327, 50 S. W. 868; *Kaufman* v. *Redwine,* 97 Ark. 546, 134 S. W. 1193. It is true that counsel for appellant showed lack of diligence in complying with the court's order that an inventory be filed in response to the petition of appellee, but this occurred several months after the claim had been allowed without notice to appellant and did not amount to a waiver of the statutory requirements.

Since the judgment of allowance was rendered without notice to appellant, it is subject to attack for unavoidable casualty preventing appellant from appearing or making her defense to the claim under the 7th subdivision of § 8246 of Pope's Digest. *Hunter* v. *Euper,* 63 Ark. 323, 38 S. W. 517. However, the judgment was not void but voidable and, before she was entitled to have the judgment set aside, it was incumbent on appellant to allege and prove a valid defense to the claim as provided in § 8249 of Pope's Digest. *H. G. Pugh & Co.* v. *Martin,* 164 Ark. 423, 262 S. W. 308; *Davis* v. *Bank of Atkins,* 205 Ark. 144, 167 S. W. 2d 876.

In the motion to vacate appellant pleaded the statute of limitations as a bar to the claim of appellee. The note upon which the claim is based was due December 15, 1931, and, according to appellant's testimony, the last payment credited on the statement exhibited to her several months after the claim was allowed was dated June 30, 1939. If this testimony is true, then the five-year statute of limitations (§ 8933, Pope's Digest) had run before the claim was filed. Throughout the hearing on the motion to vacate, the trial court ruled that the only ground upon which the judgment could be set aside was that of fraud practiced in obtaining the allowance of the claim, and the court refused to consider the testimony offered by appellant on the defense of the statute of limitations. When counsel for appellee offered to introduce testimony on

this issue the court stated that it was not necessary. It, therefore, appears that the question whether appellant had a meritorious defense to the claim was not fully developed and that this happened through no fault of appellee.

The judgment denying the motion to vacate the order of allowance is reversed and the cause remanded for a new hearing on the sole issue of whether appellant had a valid defense to the claim.