KITTRELL v. ROAD IMPROVEMENT DISTRICT No. 16.

Opinion delivered October 30, 1922.

1. COURTS—AFFIDAVIT FOR APPEAL FROM COUNTY COURT.—Under Crawford & Moses' Dig., § 2287, an attorney or agent of an aggrieved party may make affidavit on his behalf for appeal from the county to the circuit court without assigning reasons for doing so, § 1219, Id., having no application.

2. HIGHWAYS—AUTHORITY TO CHANGE ROUTE.—Act No. 183 of Sp. Sess. of 1920, unpublished, confers no authority on property owners of the road district to initiate before the county court, in the absence of action by the commissioners, proceedings for change in route of a highway therein specified; § 6 thereof authorizing such change only upon the petition and request of the commissioners.

Appeal from Woodruff Circuit Court, Northern District; J. M. Jackson, Judge; affirmed.

R. M. Hutchins, Mehaffy, Donham & Mahaffy, for appellants.

1. The appeal from the county court should have been dismissed for want of proper affidavit for appeal, the same having been made by the attorney for the road improvement district, and not in conformity with the statutes, C. & M. Digest, § 2287, § 1219. The two sections should be read together as the law governing appeals.

2.  The demurrer and motion to dismiss the petition should have been overruled. The petition set out facts sufficient to show that there was a necessity for a change in the route. The county court had jurisdiction of the cause, and authority to make the change, under the act creating the district, as well as under the Constitution. Act 183, Approved Feb. 18, 1920, § 3.

*Roy D. Campbell, Harry Wood* and *Coleman, Robinson & House,* for appellee.

1.  Sections 2287 and 1219 of Crawford & Moses' Digest are not to be construed together. The last-named section has nothing to do with appeals and was never intended to apply to appeals from the county court. It is a general statute, whereas § 2287 is special in that it applies only to appeals from county courts; therefore, in the absence of irreconcilable conflict, there is here no question of repeal by implication. 50 Ark. 132; 51 *Id.* 559; 53 *Id.* 417; 54 *Id.* 237; 53 *Id.* 339; 60 *Id.* 59.

2.  The motion to dismiss the petition was properly sustained: (1) When the act is read as a whole, giving special attention to the beginning and conclusion of section 3 and the conclusion of section 6, it is evident that if the Legislature contemplated any changes in the proposed plans the commissioners should come to the county court with a request to change the route as laid out by the Legislature. (2) Nothing in the act authorizes the commissioners to extend the road or change the route so as to run the road outside of the boundaries of the district. The change proposed in the petition would violate all unity of proportion to the property benefited as laid out in the act. 133 Ark. 491.

HUMPHREYS, J. Appellants, freeholders and taxpayers in Road District No. 16, in Woodruff County, created by act 183 of the Acts of the General Assembly of 1920, filed suit in the circuit court of said county, northern district, to change the route of the road specified in the act, so that it will run from the intersection of Main and Third Streets, in the town of Augusta, in an

easterly direction, along the present rock public highway, to the southwest corner of section 28, township 8 north, range 3 west; thence north along the section line to the northwest corner of section 4, township 8 north, range 3 west; thence east along the section line to the northwest corner of section 1, township 8 north, range 3 west, to the Jackson County line. It was alleged in the complaint that section 3 of the act creating the district provided that, if it became necessary to lay out a new route, the same should be laid out by the county court of the Northern District of Woodruff County; and that it was impractical to construct or maintain a road along the route designated in the act because one and one-half miles of the distance was subject to overflow from White River and would be submerged for a large part of the time; that the cost of construction and maintenance of the road on the original route would be prohibitive, confiscatory, and of no benefit to the property in the district.

Appellees protested against the proposed change in route, which was heard and decided adversely to their contention by the county court. An appeal from that judgment was taken to the circuit court. The affidavit for appeal was made by the attorney for the district, without assigning any reason why it was made by him instead of by the party aggrieved.

When the case was lodged in the circuit court, appellants moved to dismiss the appeal and appellees filed a demurrer and motion to dismiss the petition for a change of route. The motion to dismiss the appeal was overruled; the motion to dismiss the petition was sustained, and a final judgment was rendered, setting aside the judgment of the county court changing the route, from which is this appeal.

Appellants' first insistence for reversal is that the court erred in overruling their motion to dismiss the appeal. They contend that sections 1219 and 2287 of Crawford & Moses' Digest govern appeals from the county court and, when read together, require an attorney mak-

ing an affidavit for appeal to state that the aggrieved party, whom he represents, is absent from the county, or is mentally incapable of taking an oath, or is physically unable to attend before the court or officer for the purpose of making the affidavit. Section 1219 has no relation to appeals from county courts. Section 2287 governs and allows the attorney or agent of an aggrieved party to make affidavit for appeal in behalf of his client, without assigning any reasons for doing so. This construction was given a similar statute in the case of *Perrin* v. *Liner,* 129 Ark. 242.

Appellants' second and last insistence for reversal is that the court erred in sustaining the demurrer and motion to dismiss the petition to change the route of the road. They contend their petition set out the necessity for a change in the route, and that, under section 3 of the act creating the district, the county court was authorized to determine the necessity for and to order the change. The section referred to does say that, if it becomes necessary to lay out and designate a new route, same shall be laid out by the county court. Construing this section without reference to section 6 of the act, it might well be said that the intent of the Legislature was for the county court to make an independent investigation upon which to base an order changing the route, or to make the investigation for the necessity of the change at the request of any property owner in the district. When section 3, however, is read in connection with section 6 of the act, it is apparent that the Legislature intended for the county court to act, in making any change in the route, upon the report and request of the commissioners. Section 6, in part, is as follows: "If said commissioners deem it to the best interests of the district to vary the line of the road as hereinbefore laid out, they may report that fact to the county court of the northern district of Woodruff County, and in that event, if the county court approves of the report, it may make an order changing the route of the road, and if necessary

it shall, in that event, lay out the new road in the manner provided in act No. 422 of the Acts of the .General Assembly of the State of Arkansas for the year 1911." We think, in order to arrive at the true intent of the Legislature, the two sections should be construed, one in the light of the other. When thus interpreted, the sections provide an exclusive method of procedure for changing the original route of the road, that is to say, for the county court to change the route upon the petition and request of the commissioners, if the necessity for the change existed. Authority was not conferred by the act upon the property owners or the taxpayers in the district to initiate such a proceeding.

The motion to dismiss the petition was properly sustained, and the judgment is therefore affirmed.