WILBOURN *v.* DAVIS.

5-913

288 S. W. 2d 331

Opinion delivered March 26, 1956.

*Melvin T. Chambers,* for appellant.

*Keith & Clegg,* for appellee.

PAUL WARD, Associate Justice. Some time prior to 1954 Mrs. Margaret Wilbourn died leaving a will, one paragraph of which reads as follows:

"SIXTH: My daughter, Mrs. Verda W. Davis, with my consent has spent on my home on North Washington Street, Magnolia, Arkansas, some money for improvements and repairs. My daughter agreed to live in my home with me and help me for at least awhile. It is my will that for any expenses heretofore incurred in the making of any repairs and improvements to my said home or which she may hereafter make, not to exceed TWO THOUSAND DOLLARS ($2,000.00), and that is the limit which I have placed for such repairs and improvements, and I direct that she be paid, not to exceed the sum of TWO THOUSAND DOLLARS ($2,000.00) for any repairs or improvements heretofore made or which she may hereafter make to my home as aforesaid."

The above will was admitted to probate on January 5, 1954 and on January 11, 18, and 25, 1954 the statutory Notice was published directing all persons having claims against the estate to file the same within six months.

On March 31, 1955 appellee, the daughter of Mrs. Wilbourn mentioned in the portion of her will above copied, filed an itemized statement of the amount she had been out for improvements and repairs on her mother's home, showing said amount to be $1,950.37.

Appellant, Ira Wilbourn, an heir of the deceased and a beneficiary under the will, contested the above

claim of appellee on three grounds. First, that the claim was barred by the Statute of Limitations, it being more than three years since appellee had made the repairs and improvements. Second, that more than six months had elapsed since the date of the publication of Notice until the filing of the claim as is required under Ark. Stats. Supp. § 62-2601. Third, that the claim was not verified as required by statute.

No testimony was introduced by either side, and the Probate Judge on the pleadings, ordered the executor of the will to pay appellee the sum above mentioned.

We have concluded that the action of the trial judge was proper. Under the wording of Mrs. Margaret Wilbourn's will it appears clearly to us that appellee was a legatee under the will and not a creditor of the estate. Mrs. Wilbourn could of course will her property to whom she pleased. Here she chose to leave some of it to her daughter because, apparently, she appreciated what her daughter had done, and not because she felt or was in fact under a legal obligation to do so. This being true it was not even proper for the executor to pay appellee until after all debts of the estate had been presented and paid. This is a complete answer to all of the grounds relied on by appellant.

Since appellee was a legatee and her claim is not based on a contract the Statute of Limitations has no application. This is specifically recognized in 34 C. J. S. page 133 under the subheading of "Effect of testamentary provisions" where we find " . . . a direction to the executor to pay a specified debt is clearly a recognition of the debt, and an expression of an intention that it shall be paid regardless of the Statute." Also in 21 Am. Jur. page 649 we find, in this connection, the following statement: "Statutes limiting the time within which actions may be brought on claims against the estate of a decedent have been held inapplicable to actions for the recovery of legacies . . ." The sentence following the above quotation answers appellant's second contention that the claim should have been filed

within six months. It reads: "Statutes of non-claim have likewise been held inapplicable to such actions."

The above announcements and conclusions are in no way in conflict with this court's opinion in the case of *Kaufman* v. *Redwine,* 97 Ark. 546, 134 S. W. 1193, where it was said: "The direction in the will for the executor to pay all just debts does not mean that he shall pay them without probate." In the case under consideration we are not dealing with a debt but with a legacy.

Affirmed.